**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION**

| | | |
|---|---|---|
| RYAN LAW FIRM, LLP, | § | |
| | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Civil Action No.  1:19-cv-629-RP |
| | § | |
| NEW YORK MARINE AND GENERAL | § | |
| INSURANCE COMPANY, | § | |
| | § | |
| Defendant. | § | |

**PLAINTIFF RYAN LAW FIRM, LLP'S RESPONSE TO
DEFENDANT'S OBJECTION TO THE REPORT AND
RECOMMENDATION OF MAGISTRATE JUDGE HIGHTOWER**

Plaintiff Ryan Law Firm, LLP ("Ryan Law") files this Response to Defendant New York Marine and General Insurance Company's ("NYM's") Objection to The Report and Recommendation of Magistrate Judge Hightower (Dkt. 48) and would respectfully request that the Court overrule NYM's objection and adopt the recommendation and report of Magistrate Judge Hightower, as follows:

## I.   SUMMARY IN RESPONSE TO OBJECTION

NYM's Objection to Magistrate Judge Hightower's Report and Recommendation is nothing more than a repackaging of its first and second motions for summary judgment.  NYM attempts by this Objection to have yet another opportunity to raise the same issues Magistrate Judge Hightower has already rejected.

NYM's extensive discussion of *Stowers* is entirely irrelevant to the analysis of Ryan Law's contractual claim for coverage (or NYM's defense based on the consent-to-settle clause). *Stowers* does not serve as a limitation on an insured's contractual or statutory rights.  It is merely

another, common law cause of action which provides another basis for recovery by an insured. No court—**none**—has ever used *Stowers* to limit an insured's contractual rights.  The only issue here is whether Magistrate Judge Hightower correctly concluded that (a) NYM must demonstrate prejudice to avoid coverage based on the Policy's consent-to-settle clause, and (b) NYM failed to adequately demonstrate any identifiable prejudice.  Magistrate Judge Hightower's conclusions were correct on both fronts.

As made plain by the Texas Supreme Court's decision in *Lennar Corp. v. Markel Am. Ins. Co.*, 413 S.W.3d 750 (Tex. 2013), along with a host of other courts to consider the issue subsequently, Texas law is clear that an insurer must demonstrate prejudice in order to rely on the Policy's consent-to-settle clause.  NYM continues to argue two pre-*Lennar* cases, but neither *Maldonado* nor *Motiva* supplants this well-founded rule.  Moreover, nothing about the language of NYM's Policy requires a different conclusion.

Here, NYM has demonstrated no specific prejudice.  It merely claims a purported lost right to control the defense and try the case.  NYM cannot simply cite to the lost right to control the defense as *ipso facto* evidence of prejudice.  Otherwise, every case would find prejudice as a matter of law, and there would be no discussion of the requirement for a specific showing of prejudice.   NYM can cite to no specific evidence of prejudice here.  It cannot identify, for example, that it would have obtained a better settlement or a better result at trial.

Magistrate Judge Hightower's Report and Recommendation is well-founded and well-reasoned.  There is no error in her conclusions or her rationale.  The Court should adopt the Report and Recommendations, overrule NYM's Objection to same, and deny NYM's motion for summary judgment (Dkt. 18).

## II.     ARGUMENT & AUTHORITIES

### A.     NYM's Discussion of *Stowers* Is Irrelevant To Ryan Law's Contractual Claim.

NYM uses its Objection in part as a basis to re-urge its *Second* Motion for Summary Judgment on the issue of NYM's alleged extra-contractual liability under Chapter 541 (Objection at 2-6), which is currently pending before the Court.  *See* Dkt. 41.  NYM's extensive discussion of *Stowers* and other cases discussing extra-contractual liability is irrelevant to Ryan Law's breach of contract claim upon which NYM moved, and on which Magistrate Judge Hightower issued her Report and Recommendations.  *Stowers* provides an additional, common law remedy when an insurer fails to settle, and an insured is left with an underlying judgement in excess of policy limits.  *Stowers Furniture Co. v. Am. Indem Co.*, 15 S.W.2d 544 (Tex. Com. App. 1929). *Stowers* is not a limitation on an insured's right to seek contractual or statutory damages under Chapter 41 of the Texas Insurance Code.  *See Rocor Intern., Inc. v. Nat'l Union Fire Ins. Co. of Pittsburgh, PA*, 77 S.W.3d 253, 259-62 (Tex. 2002) (permitting an insured to recover its additional defense costs as statutory damages under Chapter 541's predecessor statute, rejecting the argument that *Stowers* was the only extra-contractual remedy).  NYM has cited not a single case to support its argument that *Stowers* can be used to limit an insured's contractual policy rights.  NYM's discussion of *Stowers* in the context of Ryan Law's contractual claims is misplaced, and Magistrate Judge Hightower was correct in disregarding it.

The <u>only</u> issue before the Court is whether Magistrate Judge Hightower correctly concluded that (a) NYM is required to show it was prejudiced in order to rely on the Policy's consent-to-settle clause, and (b) NYM failed to submit any summary judgment evidence demonstrating prejudice.  Dkt 42 (Report and Recommendation).  For the reasons that follow, the answer to both issues is "yes."

**B.     NYM Must Demonstrate It Was Prejudiced By Ryan Law's Breach Of The Consent Clause.**

NYM does not identify any error in Magistrate Judge Hightower's well-reasoned opinion regarding the evolution of the state and federal case law with respect to an insurer's obligation to demonstrate prejudice when relying on the consent-to-settle clause.   Rather, NYM uses its Objection as a basis to re-argue the same points made in its summary judgment motion, which were rejected by Magistrate Judge Hightower.   For example, NYM re-urges that *Motiva Enterprises, LLC v. St. Paul Fire & Marine Ins. Co.*, 445 F.3d 381, 386 (5th Cir. 2006) is controlling, but does not respond to Magistrate Judge's Hightower's conclusion that *Motiva* "did not hold that Texas law does not require a showing of prejudice from a breach of the Policy," and that subsequent to the Fifth Circuit's decision in *Motiva*, "the Texas Supreme Court and the Fifth Circuit both issued opinions clarifying that Texas law requires an insurer to show that an insured's breach of a consent-to-settlement provision prejudiced the insurer." (Dkt. 42 at 11-12).   NYM does not identify any error in this conclusion (nor could it).[1]   Rather, NYM tries to distance itself from these cases on the facts.  Its argument falls flat.

In *Lennar*, the insurer argued, like NYM does here, that the consent-to-settle condition was "essential to coverage" because it was also expressed in the insuring agreement itself in addition to a stand-alone condition.  *Lennar*, 413 S.W.3d at 756.   The Texas Supreme Court rejected this argument, concluding that there was no material difference between the requirement that was contained in the insuring clause and the consent-to-settle condition and that both "operate[] identically."  *Id.*; *see also PAJ*, 243 S.W.3d at 635 (refusing to distinguish between notice requirements in covenants and conditions).  NYM has not demonstrated why its consent-

---

[1] Magistrate Judge Hightower also identifies other Fifth Circuit opinions indicating support for this rule. (Report at 14).  For the sake of brevity, Ryan Law does not re-address those here.

to-settle condition should be treated differently than *Lennar* and *PAJ* or any other case containing the same clause.

In *Hernandez,* the Texas Supreme Court stated explicitly that "an insurer may escape liability on the basis of a settlement-without-consent exclusion only when the insurer is actually prejudiced by the insured's settlement with the tortfeasor." *Hernandez*, 875 S.W.2d at 692. While NYM attempts to distinguish *Hernandez* by noting that the insured was postured as the plaintiff in the underlying liability case, the Texas Supreme Court and numerous other courts have later acknowledged this same rule when an insured settles as a defendant. *See Lennar*, 413 S.W.3d at 755 (adopting the *Hernandez* prejudice rule when Lennar settled with various claimants); *Ins. Co. of N. Am. v. McCarthy Bros. Co.*, 123 F. Supp. 2d 373 (S.D. Tex. 2000) (finding insurer of general contractor who settled claim against it must establish prejudice in order to enforce "consent to settle" condition); *Coastal Ref. & Mktg., Inc. v. U.S. Fid. & Guar. Co.*, 218 S.W.3d 279, 295 (Tex. App.—Houston [14th Dist.] 2007, pet. denied) (insurer of refinery company required to demonstrate prejudice to avoid insured's settlement with claimant, although insurer had little notice and opportunity to participate in settlement).[2]

NYM cites two opinions which it argues are "controlling" on this issue. *Nicholas Petroleum, Inc. v. Mid-Continent Cas. Co.*, 2015 WL 4456185 (Tex. App.—Dallas July 21, 2015); *Blanco W. Properties, L.L.C. v. Arch Specialty Ins. Co.*, 773 F. App'x 795 (5th Cir. 2019). These cases are not relevant, much less controlling. Both cases are late-notice cases in claims-made policies, where notice was given after the deadline to report had expired. They do not address the consent-to-settle provision. *See Nicholas Petroleum*, 2015 WL 4456185, at *5

---

[2] NYM attempts to distinguish *Coastal Refining* by arguing that the insurer there was not defending. That is because the insurer only received notice ten days before the case was settled. *Id.* at 282-83. If an insurer who had only ten days' notice and no opportunity to participate in settlement is required to demonstrate prejudice, so too must NYM, who had ample opportunity to examine the underlying facts and the case against Ryan Law.

(Tex. App.—Dallas July 21, 2015, no pet.) (claims-made policy did not require insurer to demonstrate prejudice where late notice was given outside the 30-day window); *Blanco W. Properties*, 773 Fed. Appx. 795, 796 (5th Cir. 2019) (no showing of prejudice required where policy included claims-made endorsement which stated it "shall not provide coverage" for claims that are reported more than one year after the date of loss or damage).  Texas courts have made clear that late-notice is analyzed differently in claims-made policies, because the "benefit of the bargain" is a much cheaper policy which only covers claims made during the policy period.  *See Prodigy Communications Corp. v. Agric. Excess & Surplus Ins. Co.*, 288 S.W.3d 374, 380 (Tex. 2009) ("[T]he requirement that the claim be made during the policy period is directed to the temporal boundaries of the policy's basic coverage terms. This type of notice is not simply part of the insured's duty to cooperate, but defines the limits of the insurer's obligation, and if there is no timely notice, there is no coverage.").  Thus, prejudice is not required in those late-notice cases.  No court has similarly analyzed a consent-to-settle clause.  Moreover, construing the consent-to-settle clause in such a manner would run directly afoul with *Hernandez*, *Lennar* and its progeny.

There is no *Erie* guess required here, as NYM urges.  Clear Texas Supreme Court precedent supports the opinions of Magistrate Judge Hightower.

## C.      NYM Failed To Submit Any Summary Judgment Evidence Demonstrating That It Was Prejudiced From The Breach Or Would Have Obtained A More Favorable Result.

As it failed to do in its summary judgment motion, NYM has likewise not demonstrated any evidence of prejudice in its Objection.  Instead, NYM argues that it was "deprived of its contractual right to try the case," (Dkt. 48 at 11), which is the same argument considered and rejected by Magistrate Judge Hightower:

> NYM argues that it was prejudiced as a matter of law by Ryan Law's breach of the notice-of-consent provision because "Ryan Law unilaterally entered into a settlement over New York Marine's objection and deprived New York Marine of the right to defend Ryan Law through trial and the opportunity to obtain a far more favorable result." Dkt. 18 at 17. NYM, however, has not come forward with any summary judgment evidence that it was prejudiced from the breach or that it would have obtained a more favorable result.

Dkt. 42 at 15. NYM's argument that it was deprived of its opportunity to try the case is the same argument—already rejected by Magistrate Judge Hightower and other courts—in a different wrapper. *See Coastal Ref.*, 218 S.W.3d at 291 n.14 ("If the abstract loss of the rights to investigate, defend, participate in, and control settlement negotiations were sufficient to show the necessary prejudice, then delaying notice to the primary insurer until after settlement would always result in forfeiture of coverage, because the settlement would necessarily foreclose the insurer's participation. But a review of the cases shows that Texas law does not presume prejudice merely from settlement without the insurer's consent." (citing cases)).

NYM has argued that it was deprived of its right to try the case; therefore, NYM must show that NYM would have obtained a more favorable result at trial. *See Lennar*, 413 S.W.3d at 755-56 (rejecting the claim that an insurer is prejudiced as a matter of law when it is "told it has to pay for a voluntary payment" and noting that Markel was unable to demonstrate at trial that "had Lennar stonewalled the homeowners, fewer repairs would have been made"); *Coastal Ref.*, 218 S.W.3d 279, 295 (insurer's claim of prejudice by being excluded from the "defense and settlement process" was not sufficient, where insurer could not demonstrate that it could have obtained a better settlement). Having put no evidence forward of its prejudice, Magistrate Judge Hightower was correct in denying NYM's motion for summary judgment. *See* FED. R. CIV. P. 56(c) (summary judgment is proper when "the pleadings, the discovery and disclosure materials

on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law").

NYM criticizes Magistrate Judge Hightower for failing to acknowledge *Motiva* (Objection at 12), but *Motiva*'s finding of prejudice was based on facts entirely different than those present here.   In *Motiva*, "the insurer [was] not consulted about the settlement, the settlement [was] not tendered to it and the insurer ha[d] no opportunity to participate in or consent to the ultimate settlement decision."  *Motiva*, 445 F.3d at 386.[3]  Here, Ryan Law gave NYM notice of potential liability, assisted NYM with its investigation, kept NYM apprised of developments in the litigation, provided NYM with progress reports on settlement negotiations, tendered the settlement demands to NYM, and gave NYM multiple opportunities to settle.  *See* Dkt. 45, Ex. A (filed under seal).  Consequently, NYM's reliance on *Motiva* is unavailing.  *See Coastal Ref.*, 218 S.W.3d at 291 ("[*Motiva*'s] narrow conclusion was based on widely different facts than those presented here.").

NYM's other cited authorities are equally inapplicable and were rightly disregarded by Magistrate Judge Hightower.  First, with the exception of one,[4] all the cases NYM cites in its Objection (p 12-13) are late-notice-prejudice cases, they do not analyze the consent-to-settle clause.  None of the cases therefore considered the binding precedent set by *Lennar*.

---

[3] NYM's reliance on *Tex. Farmers Ins. Co. v. Kurosky*, 2015 WL 4043278, at *6 (Tex. App.—Fort Worth July 2, 2015, no pet.), fails for this same reason.  *Kurosky* is an unreported case in which an insured and his daughter agreed to a final judgment without the carrier's knowledge or participation.  *Kurosky* involved *Gandy* concerns over whether there was actually a "fully adversarial trial," which are obviously not present here.  *See id.* at *6 ("There is no evidence that any party put on evidence in the trial court regarding the amount of Rust's damages or the reasonableness of the agreed judgment.").

[4] Progressive County Mut. Ins. Co. v. Trevino, 202 S.W.3d 811, 818 (Tex. App.—San Antonio 2006, pet. denied) examined a breach of the cooperation clause, not the consent clause, and found that where the insured actively undermined and prohibited his retained defense counsel from properly representing him and avoiding a judgment, the insurer was prejudiced).  The comparison to these facts does not hold up.  Here, Ryan Law fully cooperated with NYM and indeed begged NYM to settle the liability facing it.

Second, because there was no timely notice to the insurer in the below cases, the insurer did not have an opportunity to participate in the defense, develop any facts needed for a coverage analysis, develop an analysis of the potential risk against the insured, participate in mediation, or consider settlement offers made.  Here, NYM had the opportunity to do all of that.  *See* Dkt. 45, Ex. A (filed under seal).

Third, in each case, the insurer identified specific evidence demonstrating how it was prejudiced by the late notice:

- *Clarendon Nat. Ins. Co. v. FFE Transp. Services, Inc*., 176 Fed. Appx. 559, 561 (5th Cir. 2006) (insurer demonstrated actual prejudice from lack of notice by showing that there was an offer to settle of $700,000, the insured refused without notice to the insurer, and ultimately received a judgment against it for $1.1 million)

- *Berkley Reg'l Ins. Co. v. Philadelphia Indem. Ins. Co.*, 690 F.3d 342, 351 (5th Cir. 2012) (where excess insurer was not given notice until after the jury verdict was entered, and insurer provided evidence of how it would have participated in the case and mediation, insurer was not entitled to a finding that as a matter of law it was prejudiced, but rather it was remanded as a fact issue for the jury)

- *Berkley Reg'l Ins. Co. v. Philadelphia Indem. Ins. Co.*, 600 Fed. Appx. 230, 236 (5th Cir. 2015) (affirming that, based on the evidence submitted by the insurer as to its prejudice and because no contrary showing was made by the insured, the excess insurer was prejudiced as a matter of law)

- *Gonzalez v. Philadelphia Indem. Ins. Co.*, 663 Fed. App'x 302, 306 (5th Cir. 2016) (UIM insurer that was not given notice of settlement identified the prejudice it suffered by the settlement and collection of UIM benefits as its lost ability to determine whether the tortfeasor or other insurers covering him had assets that would have reduced insurer's UIM obligation)

- *Sentry Select Ins. Co. v. Lopez*, 2015 WL 11439075, at *5 (W.D. Tex. May 6, 2015) (no duty to defend where suit was not tendered to insurer until after judgement; insurer demonstrated prejudice in that it lost the right to investigate, to contribute to defense strategy, participate in the lawsuit, evaluate settlements demands and otherwise represent its interests)

Here, NYM identified no prejudice other than a claimed lost right to roll the dice and try the case against the insured under a reservation of rights (and then potentially disclaim coverage after the

verdict).   This abstract loss of the right to control the defense is not sufficient evidence of prejudice.   *Coastal Ref.*, 218 S.W.3d at 291 n.14.   For all of these reasons, NYM's cited authority is inapplicable.

NYM has failed to demonstrate any specific prejudice, either through a better verdict or a better settlement.  As such, Magistrate Judge Hightower correctly concluded that NYM's motion for summary judgment should be denied.

### III.   PRAYER

Magistrate Judge Hightower's Report and Recommendation is a well-reasoned and fully-supported opinion.  NYM has not demonstrated any error in her analysis.  Rather, it has simply re-urged its prior arguments which were considered and rejected by Magistrate Judge Hightower. Therefore, Ryan Law respectfully requests that the Court adopt Magistrate Judge Hightower's Report and Recommendations and issue an order denying NYM's Motion for Summary Judgment (Dkt. 18) consistent with her findings.

Respectfully submitted,


*Ernest Martin, Jr.*
Ernest Martin, Jr.
State Bar No. 13063300
*ernest.martin@haynesboone.com*
Natalie DuBose
State Bar No. 24077481
*Natalie.dubose@haynesboone.com*
HAYNES AND BOONE, L.L.P.
2323 Victory Ave., Suite 700
Dallas, Texas 75219
Telephone:     (214) 651-5000
Telecopier:     (214) 541-5940

ATTORNEYS FOR PLAINTIFF
RYAN LAW FIRM, LLP

## <u>CERTIFICATE OF SERVICE</u>

This is to certify that on August 13, 2020, a true and correct copy of the above and foregoing document was electronically served upon the following counsel of record as authorized by the Federal Rules of Civil Procedure:

Roberta J. Benson
*roberta.benson@thebensonfirm.com*
Ricky H. Rosenblum
*rick.rosenblum@thebensonfirm.com*
Michael J. McClain
*michael.mcclain@thebensonfirm.com*
THE BENSON FIRM PLLC
11401 Century Oaks Terrace, Suite 245
Austin, Texas 78758
Telephone: (512) 774-6062
Facsimile: (512) 774-6072

*Attorneys for Defendant NYM Insurance Company*

*/s/ Ernest Martin, Jr.*
Ernest Martin, Jr.

4829-7624-1095 v.3