IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| RYAN LAW FIRM, LLC, | § § § | |
| Plaintiff, | § § | |
| v. | § § | 1:19-CV-629-RP |
| NEW YORK MARINE AND GENERAL INSURANCE COMPANY, | § § § § | |
| Defendant. | § § | |

**ORDER**

Before the Court is the report and recommendation of United States Magistrate Judge Susan Hightower concerning Defendant New York Marine and General Insurance Company's ("NYM") motion for summary judgment, (Mot. Summ. J., Dkt. 18). (R. & R., Dkt. 42). In her report and recommendation, Judge Hightower recommends that the Court deny NYM's motion on Plaintiff Ryan Law Firm LLC's ("Ryan Law") breach of contract and bad faith claims under the Texas Insurance Code because NYM "has not come forward with any evidence that it was prejudiced from the breach of the consent-to-settle provision of the underlying insurance contract." (*Id.* at 16). NYM timely filed objections to Judge Hightower's report and recommendation. (Objs., Dkt. 48). Having reviewed the parties' briefing, Judge Hightower's report and recommendation, NYM's objections, Ryan Law's reply, and the relevant law, the Court overrules NYM's objections and adopts Judge Hightower's report and recommendation as its own Order.

A party may serve and file specific, written objections to a magistrate judge's findings and recommendations within fourteen days after being served with a copy of the report and recommendation and, in doing so, secure de novo review by the district court. 28 U.S.C. § 636(b)(1)(C). Because NYM timely objected to each portion of the report and recommendation, the Court reviews the report and recommendation de novo. (*See* Objs., Dkt. 48).

1

NYM objects to Judge Hightower's report and recommendation for three reasons: NYM argues that Judge Hightower's report does not consider the *Stowers* doctrine, wrongly requires a showing of prejudice, and then disregards the prejudice articulated by NYM in its motion. (Objs., Dkt. 48, at 1); *see also G.A. Stowers Furniture Co. v. Am. Indem. Co.*, 15 S.W.2d 544 (Tex. Com. App. 1929). The Court finds none of these objections persuasive.

First, as Ryan Law rightly notes, *Stowers* is irrelevant to Ryan Law's contractual claim, the subject of NYM's first motion for summary judgment.[1] (Resp., Dkt. 55, at 3). NYM initially moved for summary judgment on the basis of one argument: that it is not liable under the insurance contract because of Ryan Law's alleged material breach of the consent-to-settle provision. (*See* Mot. Summ. J., Dkt. 18; *see also* R. & R., Dkt. 42, at 16 n.1). Accordingly, the Court need not consider the reasonableness of the settlement demand under *Stowers* at this juncture. (R. & R., Dkt. 42, at 16 n.1).

As for NYM's argument that it need not show it was prejudiced by Ryan Law's breach, Judge Hightower's report provides a thorough analysis of the evolution of the state and federal case law regarding an insurer's obligation to demonstrate prejudice when relying on the consent-to-settle clause. (R. & R., Dkt. 42, 8–15). And while NYM continues to rely on *Motiva Enterprises, LLC v. St. Paul Fire & Marine Ins. Co.*, 445 F.3d 381 (5th Cir. 2006) for the proposition that a showing of prejudice is not required, after *Motiva*, the "Texas Supreme Court and the Fifth Circuit both issued opinions clarifying that Texas law requires an insurer to show that an insured's breach of a consent-to-settlement provision prejudiced the insurer." (R. & R., Dkt. 42., at 11–12).

Finally, the Court agrees with Judge Hightower's conclusion that NYM has not come forward with any summary judgment evidence demonstrating that it was prejudiced from the breach

---

[1] The Court notes that NYM filed a second motion for summary judgment a week before Judge Hightower issued her report and recommendation on NYM's first motion for summary judgment. (2d. Mot. Summ. J., Dkt. 41; R. & R., Dkt. 42). At this time, the Court makes no finding about whether *Stowers* applies to NYM's second motion.

of the consent-to-settle provision. (*Id.* at 15–16). Merely stating that Ryan Law's unilateral decision to enter into the settlement over NYM's objection "deprived NYM of the right to defend Ryan Law through trial and the opportunity to obtain a far more favorable result" is insufficient. (*See* R. & R., Dkt. 42, at 15–16 (citing cases); *see also* Objs., Dkt. 48, at 15 ("New York Marine was prejudiced as a matter of law because it was deprived of its contractual right to try the case.")). Accordingly, the Court overrules NYM's objections and adopts Judge Hightower's report and recommendation as its own order.

For the reasons stated, the Court **ORDERS** that Judge Hightower's report and recommendation, (Dkt. 42), is **ADOPTED**.

**IT IS ORDERED** that NYM's motion for partial summary judgment, (Dkt. 18), is **DENIED**.

**SIGNED** on September 9, 2020.

_____
ROBERT PITMAN
UNITED STATES DISTRICT JUDGE