# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF TEXAS
# AUSTIN DIVISION

| | | |
|---|---|---|
| **RYAN LAW FIRM, LLP,** | § | |
| *Plaintiff* | § | |
| | § | **Case No. 1:19-CV-629-RP** |
| **v.** | § | |
| | § | |
| **NEW YORK MARINE AND** | § | |
| **GENERAL INSURANCE** | § | |
| **COMPANY,** | § | |
| *Defendant* | § | |

## ORDER AND REPORT AND RECOMMENDATION
## OF THE UNITED STATES MAGISTRATE JUDGE

### TO: THE HONORABLE ROBERT PITMAN
### UNITED STATES DISTRICT JUDGE

Before the Court are Defendant's Second Motion for Summary Judgment Regarding Ryan Law's Statutory Bad Faith Claims, filed July 9, 2020 (Dkt. 41); Defendant's Opposed Motion to Strike Certain Summary Judgment Evidence, filed July 30, 2020 (Dkt. 47); Plaintiff's Motion for Leave to Supplement the Summary Judgment Record, filed August 7, 2020 (Dkt. 52); and the associated response and reply briefs. On September 10, 2020, the District Court referred the motions to the undersigned Magistrate Judge for resolution and report and recommendation, pursuant to 28 U.S.C. § 636(b)(1), Federal Rule of Civil Procedure 72, and Rule 1 of Appendix C of the Local Rules of the United States District Court for the Western District of Texas.

## I.    Background

This is an insurance coverage dispute between Plaintiff Ryan Law Firm, LLP ("Ryan Law"), a Texas limited liability partnership, and its malpractice insurance carrier, New York Marine and General Insurance Company ("NYM"), a New York corporation. NYM issued Lawyers Professional Liability Policy No. PL201500001078 to Ryan Law for the policy period July 8, 2015

to July 8, 2016 (the "Policy"), with a limit of liability of $5 million. Ryan Law alleges that NYM

wrongfully failed to settle a lawsuit.

**A. Policy**

The Policy provides that: "The Company shall have the right and duty to defend any suit

against the Insured seeking Damages to which this insurance applies even if any of the allegations

of the suit are groundless, false or fraudulent." Dkt. 18-2 at 6 § I. The Policy also grants NYM

exclusive authority to accept or reject any settlement offers. Specifically, it contains the following

consent to settlement provision:

> The Company shall also have the right to investigate any Claim
> and/or negotiate the settlement thereof, as it deems expedient, but
> the Company shall not commit the Insured to any settlement without
> its consent. . . . Furthermore, the Insured shall not assume any
> obligations, incur any costs, charges, or expenses or enter into any
> settlement without the Company's consent.

*Id.* at 6-7 § I. Similarly, the Policy also contains the following "conditions" for coverage:

> The Insured shall cooperate with the Company and, upon the
> Company's request, assist in making statements, in the conduct of
> suits and in enforcing any right of contribution or indemnity against
> any person or organization who may be liable to the Insured because
> of Damages with respect to which this insurance applies. . . . The
> Insured shall not, except at the Insured's own cost, voluntarily make
> any payments, admit liability, assume any obligation or incur any
> expense.
>
> ***
>
> A person or organization may bring a suit against the Company
> including, but not limited to, a suit to recover on an agreed
> settlement or on a final judgment against an Insured; but the
> Company will not be liable for damages that are not payable under
> the terms of this policy or that are in excess of the applicable limit
> of insurance. An agreed settlement means a settlement and release
> of liability signed by the Company, the Insured and the claimant or
> the claimant's legal representative.

*Id.* at 12-13 §§ IX(B), IX(E).

### B.  Underlying Lawsuit

In 2014, The Finish Line, Inc. ("Finish Line"), an Indiana corporation, retained Ryan Law to submit claims on its behalf to the "Deepwater Horizon Claim Center" in the wake of the Deepwater Horizon oil rig explosion that occurred on April 20, 2010, in the Gulf of Mexico ("BP Oil Spill"). Dkt. 18-3 at 1. Finish Line alleges that it suffered economic losses to its stores as a result of the BP Oil Spill.

According to Finish Line, Ryan Law failed to timely file five claim forms for economic damage to more than 60 Finish Line stores, resulting in those claims being time-barred. In addition, Finish Line alleged that Ryan Law wrongfully outsourced its legal services to third parties without Finish Line's knowledge. On June 17, 2016, Finish Line filed the underlying lawsuit against Ryan Law and the associated third parties in Indiana state court, alleging one claim of legal malpractice and seeking an unspecified amount of damages. *See The Finish Line v. Ryan Law, et al.*, No 49D01-1606-PL-21894 (Sup. Ct. Ind. June 17, 2016) ("Underlying Lawsuit") (Dkt. 18-3). On June 23, 2016, after Ryan Law notified NYM of the Underlying Lawsuit, NYM agreed to defend it in the lawsuit and appointed Leslie Pollie of Kopkus Dolin PC as defense counsel.

On March 6, 2018, Finish Line filed its third amended complaint against Ryan Law, adding claims of negligence, fraud/deceit and attorney deceit, constructive fraud, breach of fiduciary duty, civil conspiracy, and damages for criminal deception and fraud. Dkt. 18-4. Finish Line also sought $1.1 million in damages, punitive damages, and treble damages. *Id.*

On March 23, 2018, NYM notified Ryan Law in a reservation of rights letter that fraud claims were not covered under the Policy, and that if "it is determined that the Ryan Law Firm engaged in dishonest, fraudulent, criminal or malicious acts or omissions, or deliberate misrepresentations, New York reserves the right to deny coverage for any damages arising out of such." Dkt. 18-5 at 4. NYM continued to defend Ryan law, subject to the reservation of rights with regard to the

3

indemnity coverage. NYM alleges that it "remained ready, willing, and able to defend Ryan Law through a final judgment, and in the event of an adverse judgment New York Marine was ready, willing, and able to pay any portion of the judgment that was covered under the Policy." Dkt. 18 at 7-8.

On November 1, 2018, the Indiana state court denied Ryan Law's motion for summary judgment on all of Finish Line's causes of action, finding that genuine issues of material fact existed. Dkt. 20-4 at 22. The state court also granted Finish Line's motion for partial summary judgment on Ryan Law's affirmative defenses of proximate cause, comparative fault, intervening/superseding cause, laches, and failure to mitigate. *Id.* 33.

Ryan Law alleges that after it received the trial court's order, it "engaged in settlement discussions with Finish Line to resolve the Malpractice Suit before the looming February 11, 2019 trial date." Dkt. 20 at 5. On December 21, 2018, Kory Ryan, Ryan Law's Founder and Managing Partner, notified NYM that "Finish Line is pushing for a [*redacted*][1] settlement from the law firm. If I can settle for [*redacted*], how much of that will [NYM] cover?" Dkt. 18-6 at 2. NYM contends that the amount that Finish Line was "pushing for" was a multiple of Finish Law's entire compensatory damage model. Thus, NYM informed Ryan Law that it "has not authorized you to negotiate on our behalf and, regardless, that figure is well in excess of what we and counsel evaluated this matter at. As you know we have discussed scheduling a mediation which we will attend to attempt to resolve for a reasonable figure." *Id.*

On January 16, 2019, Ryan Law's coverage counsel, Ernest Martin, sent NYM a letter demanding that NYM accept Finish Line's new settlement demand "immediately." Dkt. 18-9 at 1. That same day, NYM responded, notifying Ryan Law that it would not pay the settlement demand

---

[1] Ryan Law claims that the settlement amount was "well within the Policy's limits." Dkt. 1-1 at 19. Because the amount is confidential, Ryan Law has redacted it from the summary judgment evidence.

(which NYM alleges had increased by 10% from Finish Line's previous offer) because it was unreasonable in that it was "far too high relative to the reasonable exposure." Dkts. 18-10 at 3, 18 at 8. NYM stated that it believed the maximum amount of exposure to Ryan Law would be $504,415, not $1,134,935.40, as Finish Line had alleged. *Id.* at 2. NYM added that "neither defense counsel nor you (nor even Plaintiff) have identified a damage model under any theory of recovery that presents exposure in excess of the remaining Policy limit." *Id.* at 4. In closing, it noted that "NYM remains committed to reaching a settlement of this matter that is commensurate with the realistic exposure to covered or potentially covered damages. I will call you shortly to discuss next steps." *Id.* at 4.

On January 18, 2019, NYM called Martin and advised him of the amount NYM would be willing to contribute toward a settlement. Dkt. 18-8 at 2. Ryan Law contends that the amount NYM was willing to contribute to the settlement of the case was unreasonable and "a mere fraction (11%) of the settlement demand." Dkt. 20 at 11. On January 19, 2019, Martin sent NYM an email notifying it that Ryan Law would "proceed with efforts to settle the case using your client's meager and inadequate contribution." Dkt. 18-11 at 2. On January 21, 2019, Ryan Law accepted Finish Line's settlement demand without NYM's consent. Dkt. 18-7 at 2.

### C.  Coverage Lawsuit

On March 15, 2019, Ryan Law filed this coverage lawsuit against NYM in state court, seeking to recover the amount paid to Finish Line for the settlement. *See Ryan Law Firm v. New York Marine and General Ins. Co.,* No. D-1-GN-19-001477 (Dist. Ct. Travis County, Tex. Mar. 15, 2019). Plaintiff's First Amended Petition alleges breach of contract and violations of Chapter 541 of the Texas Insurance Code, and seeks monetary damages and attorney's fees. Dkt. 1-1 at 20-23. On June 18, 2019, NYM removed this case to federal court on the basis of diversity jurisdiction, pursuant to 28 U.S.C. §§ 1332(a), 1441(a). Dkt. 1.

On October 29, 2019, NYM filed its first Motion for Summary Judgment. NYM argued that all of Ryan Law's claims should be dismissed, contending that it had no obligation to indemnify Ryan Law for the settlement it paid to Finish Line because Ryan Law materially breached the Policy by failing to obtain NYM's consent to the settlement. Dkt. 18. On July 16, 2020, the undersigned issued a Report and Recommendation, recommending that the District Court deny NYM's Motion for Summary Judgment. Dkt. 42 at 18. The Court reasoned that "Texas law requires an insurer to show that the insured's breach of a consent-to-settlement provision prejudiced the insurer to avoid liability under the policy." *Id.* at 15. Because NYM failed to come forward with any evidence that it was prejudiced from the breach of the consent-to-settle provision, the Court found that it was not entitled to summary judgment. *Id.* at 16. Because NYM moved for summary judgment only on the basis that it was not liable under the Policy because of the alleged material breach and prejudice, the Court did not address the reasonableness of the settlement demand under *Stowers Furniture Co. v. Am. Indem. Co.*, 15 S.W.2d 544 (Tex. Comm'n App. 1929, holding approved). *Id.* at n.5. On September 9, 2020, the District Court adopted the undersigned's Report and Recommendation. Dkt. 60.

On July 9, 2020, NYM's filed its Second Motion for Summary Judgment, seeking dismissal of Ryan Law's statutory bad faith claims under the Texas Insurance Code. Dkt. 41. On September 10, 2020, the District Court referred the Motion for Summary Judgment to the undersigned, along with NYM's Opposed Motion to Strike Certain Summary Judgment Evidence (Dkt. 47) and Plaintiff's Motion for Leave to Supplement the Summary Judgment Record (Dkt. 52).[2] The Court addresses each of these motions below.

---

[2] NYM moves to strike three of Ryan Law's expert reports submitted in support of its Response to NYM's Second Motion for Summary Judgment, arguing that the expert reports are inadmissible hearsay. Dkt. 47 at 2. Ryan Law seeks leave to supplement the summary judgment record with affidavits of the experts. Dkt. 52 at 1. The Court did not rely on the expert reports in making its recommendations on the Motion for

## II.    Legal Standard

Summary judgment shall be rendered when the pleadings, the discovery and disclosure materials, and any affidavits on file show that there is no genuine dispute as to any material fact and that the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a); *Celotex Corp. v. Catrett*, 477 U.S. 317, 323-25 (1986); *Washburn v. Harvey*, 504 F.3d 505, 508 (5th Cir. 2007). A dispute regarding a material fact is "genuine" if the evidence is such that a reasonable jury could return a verdict in favor of the nonmoving party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). When ruling on a motion for summary judgment, the court is required to view all inferences drawn from the factual record in the light most favorable to the nonmoving party. *Matsushita Elec. Indus. Co. v. Zenith Radio*, 475 U.S. 574, 587 (1986); *Washburn*, 504 F.3d at 508. A court "may not make credibility determinations or weigh the evidence" in ruling on a motion for summary judgment. *Reeves v. Sanderson Plumbing Prods., Inc.*, 530 U.S. 133, 150 (2000); *see also Anderson*, 477 U.S. at 254-55.

Once the moving party has made an initial showing that there is no evidence to support the nonmoving party's case, the party opposing the motion must come forward with competent summary judgment evidence of the existence of a genuine fact issue. *Matsushita*, 475 U.S. at 586. Mere conclusory allegations are not competent summary judgment evidence, and thus are insufficient to defeat a motion for summary judgment. *Turner v. Baylor Richardson Med. Ctr.*, 476 F.3d 337, 343 (5th Cir. 2007). Unsubstantiated assertions, improbable inferences, and unsupported speculation also are not competent summary judgment evidence. *Id.* The party opposing summary judgment is required to identify specific evidence in the record and to articulate

---

Summary Judgment and so need not address either of these motions. Accordingly, NYM's Opposed Motion to Strike Certain Summary Judgment Evidence (Dkt. 47) and Plaintiff's Motion for Leave to Supplement the Summary Judgment Record (Dkt. 52) are **DISMISSED** as **MOOT**.

the precise manner in which that evidence supports its claim. *See Adams v. Travelers Indem. Co. of Conn.*, 465 F.3d 156, 164 (5th Cir. 2006). If the nonmoving party fails to make a showing sufficient to establish the existence of an element essential to its case and on which it will bear the burden of proof at trial, summary judgment must be granted. *Celotex*, 477 U.S. at 322-23.

### III.   Analysis

Ryan Law alleges that NYM violated Chapter 541 of the Texas Insurance Code and engaged in unfair or deceptive acts or practices in the business of insurance by (1) misrepresenting to Ryan Law "a material fact or policy provision relating to coverage at issue" (TEX. INS. CODE ANN. § 541.060(a) (West 2005)); (2) refusing to settle the Underlying Lawsuit when its liability was "reasonably clear" (*id.* § 541.060(a)(2)(A)); (3) failing to promptly provide Ryan Law "a reasonable explanation of the basis in the policy, in relation to the facts or applicable law" for NYM's denial of the "offer of a compromise settlement of a claim" (*id.* § 541.060(a)(3)); (4) "refusing to pay a claim without conducting a reasonable investigation with respect to the claim (*id.* § 541.060(a)(7)); and (5) misrepresenting the terms of the Policy (*id.* § 541.061). Dkt. 1-1 at 21-23.

NYM argues that Ryan Law's Chapter 541 claims fail because Ryan Law's sole remedy under Texas law is limited to a *Stowers* claim, "which Ryan Law did not allow to ripen." Dkt. 41 at 14. NYM further argues that Ryan Law's Chapter 541 claims fail because Ryan Law has adduced no evidence that NYM acted or failed to act in any way that NYM knew to be false, unfair, or deceptive; a proper and timely reservation of rights is not bad faith or a statutory violation as a matter of law; and NYM did not cause Ryan Law any injury independent of the Policy benefit Ryan Law seeks in this coverage suit. Ryan Law disputes all of these arguments and contends that there are numerous fact issues precluding summary judgment.

8

## A. The *Stowers* Doctrine and Chapter 541

Under the *Stowers* doctrine, "insurers must exercise 'that degree of care and diligence which an ordinarily prudent person would exercise in the management of his own business' in responding to settlement demands within policy limits." *Texas Farmers Ins. Co. v. Soriano*, 881 S.W.2d 312, 314 (Tex. 1994) (quoting *Stowers Furniture Co. v. Am. Indem. Co*., 15 S.W.2d 544, 547 (Tex. Com. App. 1929, holding approved)).[3] A *Stowers* cause of action arises when an insurer negligently fails to settle a claim covered by an applicable policy within policy limits. *Seger v. Yorkshire Ins. Co.*, 503 S.W.3d 388, 395 (Tex. 2016). A *Stowers* claim is not a contractual or statutory claim under Texas law; rather, such a claim arises from the "common law tort duty in the context of third party insurers responding to settlement demands." *Mid-Continent Ins. Co. v. Liberty Mut. Ins.*, 236 S.W.3d 765, 776 (Tex. 2007); *see also OneBeacon Ins. Co. v. T. Wade Welch & Assocs.*, 841 F.3d 669, 674 (5th Cir. 2016) (noting that the *Stowers* duty arises under the common law).

To prove a *Stowers* claim, the insured must establish that "(1) the claim is within the scope of coverage; (2) a demand was made that was within policy limits; and (3) the demand was such that an ordinary, prudent insurer would have accepted it, considering the likelihood and degree of the insured's potential exposure to an excess judgment." *Seger*, 503 S.W.3d at 395-96. "When these conditions coincide and the insurer's negligent failure to settle results in an excess judgment against the insured, the insurer is liable under the *Stowers* Doctrine for the entire amount of the judgment, including that part exceeding the insured's policy limits." *Phillips v. Bramlett*, 288 S.W.3d 876, 879 (Tex. 2009).

---

[3] The parties agree that Texas law applies in this case.

1.      The *Stowers* **Standard Applies to Both Statutory and Common-Law Third-Party Claims**

NYM argues that Ryan Law's Chapter 541 claims fail because, under Texas law, "any cause of action for a defending insurer's rejection of a demand within policy limits is limited to a *Stowers* claim." Dkt. 46 at 10. In support of this argument, NYM relies on the Texas Supreme Court's opinion in *Mid-Continent*, 236 S.W.3d at 775. NYM's reliance on *Mid-Continent* is misplaced, however, because that case involved a common law duty of good faith and fair dealing claim, not a statutory claim under Chapter 541. In that case, the Texas Supreme Court held that:

> An insurer's common law duty in this third party context is limited to the *Stowers* duty to protect the insured by accepting a reasonable settlement offer within policy limits. *Stowers* is the only common law tort duty in the context of third party insurers responding to settlement demands.

*Id.* at 776; *see also Pride Transp. v. Cont'l Cas. Co.*, 511 F. App'x 347, 350 (5th Cir. 2013) (noting that there is no common law duty of good faith and fair dealing owed to the insured in the context of third party claims because "common law duties are limited to contractual obligations and the *Stowers* duty to accept a reasonable settlement demand").

Here, however, Ryan Law asserts not a common law *Stowers* claim, but statutory claims under Chapter 541. While Texas law does not support a common law cause of action for breach of the duty of good faith and fair dealing with respect to a third-party claimant, it does not preclude an insured from pursuing a statutory claim under Chapter 541, as NYM implies. In fact, the Texas Supreme Court has expressly permitted insurers to pursue statutory claims under Chapter 541. In *Rocor Int'l, Inc. v. Nat'l Union Fire Ins. Co.*, 77 S.W.3d 253, 260 (Tex. 2002), the Texas Supreme Court evaluated the prior version of § 541.060, Texas Insurance Code article 21.21,[4] and held that

---

[4] Chapter 541 is a recodification of former article 21.21. *Gasch v. Hartford Accident & Indem. Co.*, 491 F.3d 278, 280 n.2 (5th Cir. 2007). The 2003 amendments did not substantively change the law, and the

an insured "may assert an article 21.21 claim against its excess liability carrier for damages that it sustained as a result of [the insurer's] unfair settlement practices." *See also Pride Transp.*, 511 F. App'x at 353-54 (allowing insured to pursue both a breach of contract claim and a claim under Chapter 541); *Travelers Lloyds Ins. Co. v. Cruz Contracting of Texas*, LLC, No. 5:16-CV-759-DAE, 2017 WL 5202890, at *3 (W.D. Tex. Mar. 17, 2017) (finding that the insured was permitted to allege a breach of duty and good faith claim under § 541.060(a)(2)(A) against his insurer). The Texas Supreme Court also stated in *Rocor* that "[t]here is nothing to indicate that the Legislature had in mind any standard other than the familiar *Stowers* standard" in promulgating article 21.21, and that "*Stowers* provides an appropriate framework for understanding and applying the statutory standard." 77 S.W.3d at 261.

Thus, third party claims under Chapter 541 and the common law *Stowers* doctrine "are governed by the same standard of liability." *Mid-Continent Cas. Co. v. Kipp Flores Architects*, LLC, No. 1:13-CV-60-JRN, 2014 WL 12479995, at *2 (W.D. Tex. Apr. 3, 2014); *see also OneBeacon*, 841 F.3d at 682 (noting that the Texas Supreme Court has held that a party bringing a claim under Chapter 541 premised on the failure to settle must meet the requirements of a *Stowers* claim). Accordingly, Ryan Law may allege statutory claims under Chapter 541, but to succeed on those claims it must demonstrate that NYM breached its *Stowers* duty by proving all of the elements of such a claim.

### 2. NYM's *Stowers* Duty Never Ripened Because There Was No Judgment in the Underlying Case

NYM argues that Ryan Law's *Stowers* claim fails as a matter of law because Ryan Law settled the Underlying Lawsuit before a judgment was entered, and thus, NYM's *Stowers* duty was never

---

same legal standards apply. *See id.* Because Chapter 541 is substantially the same as article 21.21, some of the cases cited in this opinion may cite to the earlier code provisions.

triggered. NYM contends that the *Stowers* duty could have been triggered only if Ryan Law "had allowed the case to proceed to a judgment and if a judgment in the case had been entered for more than the amount demanded by Finish Line." Dkt. 41 at 14-15. In response, Ryan Law argues that the Texas Supreme Court in *Rocor* "reject[ed] the argument that there can be no bad faith for failing to settle in the absence of a full trial against the insured." Dkt. 43 at 14.

In *Rocor,* the insurer agreed to settle the underlying lawsuit, but engaged in a 22-month negotiation with the underlying plaintiffs. *Id.* 256-57. The insured filed suit against the insurer to recover attorney's fees and costs it incurred as a result of the insurer's alleged failure to settle promptly. Under these facts, the court found it appropriate to apply the *Stowers* doctrine. Although the insurer did not dispute that liability was reasonably clear under the policy, the court ultimately held that the insurer did not violate its *Stowers* duty because it was never presented with a proper settlement demand. *Id.* at 263.

In support of its argument that a judgment is not necessary to trigger the *Stowers* duty, Ryan Law relies on the comment in *Rocor* that: "While this case does not fit neatly within the *Stowers* paradigm because the insurer ultimately settled within policy limits, we believe that *Stowers* provides an appropriate framework for understanding and applying the statutory standard." *Id.* at 261. Ryan Law has taken this comment out of context and interprets it too broadly. The Texas Supreme Court did not expressly reject NYM's argument that a *Stowers* duty is not triggered until a final judgment is entered.[5] Moreover, the court has held in other cases that "a *Stowers* cause of action does not accrue until the judgment in the underlying case becomes final." *Street,* 756 S.W.2d at 301 (citing *Hernandez v. Great American Ins. Co.*, 464 S.W.2d 91, 95 (Tex. 1971), and *Linkenhoger v. American Fidelity & Cas. Co.* 260 S.W.2d 884, 887 (1953)); *accord Murray v. San*

---

[5] Neither party has cited any other case in support of its arguments as to whether the *Stowers* claim is ripe.

*Jacinto Agency, Inc.*, 800 S.W.2d 826, 829 (Tex. 1990) (noting that "[t]he injury producing event [in a *Stowers* claim] is the underlying judgment in excess of policy limits."); *Hernandez v. Truck Ins. Exch.*, 553 S.W.3d 689, 702 (Tex. App.—Fort Worth 2018, pet. denied) (noting that a *Stowers* cause of action accrues when the trial court's power to alter the judgment has ended and execution on the judgment, if appealed, has not been superseded, or all appeals have been exhausted). As the Fifth Circuit has stated, "a *Stowers* claim involves, or at least typically involves, an excess judgment after an actual trial," because "absent a judgment following trial, it would be difficult to know whether the failure to accept a settlement offer within policy limits constituted negligence or whether, or to what extent, the insured was in fact damaged thereby." *Liberty Mut. Ins. Co. v. Mid-Continent Ins. Co.*, 405 F.3d 296, 305 (5th Cir.), *amended*, 407 F.3d 683 (5th Cir. 2005), *certified question accepted on other grounds* (May 13, 2005), and *certified question answered*, 236 S.W.3d 765 (Tex. 2007)[6]; *see also Soriano*, 881 S.W.2d at 316 n.4 (Tex. 1994) ("As in any case predicated on negligence, the insured must offer evidence that the insurer's failure to settle proximately caused damages to the insured. . . . Soriano had the burden of proving that he would have suffered a lesser amount of damages had Farmers behaved differently . . . .").

Thus, in *In re Davis*, 253 F.3d 807, 809 (5th Cir. 2001), the Fifth Circuit held that a *Stowers* cause of action against an automobile insurer for negligently failing to settle a claim within policy limits "does not accrue until the *judgment* in the underlying case becomes final." (quoting *Street*, 756 S.W.2d at 301). The court concluded that because there was no judgment against the insured until three years after the commencement of his bankruptcy case, the insured "could not have had

---

[6] In *Liberty Mut. Ins.*, the Fifth Circuit noted that *Rocor* suggested that "a *Stowers* claim does not always require judgment after an actual trial," but also acknowledged that other Texas Supreme Court opinions cast doubt on whether "a *Stowers* violation may be shown absent negligent failure to accept a proper offer to settle within the primary's policy limits (and absent any excess judgment following actual trial)." 405 F.3d at 305, 07.

a *Stowers* claim against Appellant before that date because 'the tort was not complete.'" *Id.* at 809-10; *see also Medallion Transp. & Logistics, LLC v. AIG Claims, Inc.*, No. 216-CV-01016-JRG-RSP, 2018 WL 3249708, at *3-4 (E.D. Tex. June 27, 2018) (finding that *Stowers* claim never accrued where there was no final judgment in the underlying lawsuit), *report and recommendation adopted*, 2018 WL 3239703 (E.D. Tex. July 3, 2018); *Bramlett v. Med. Protective Co. of Ft. Wayne, Ind.*, No. 3:10-CV-2048-D, 2013 WL 796725, at *6 (N.D. Tex. Mar. 5, 2013) (stating that "Texas law allows an insured to bring a *Stowers* action as soon as there is a jury verdict exceeding policy limits"); *One Beacon Ins. Co. v. T. Wade Welch & Assocs.*, No. H-11-3061, 2012 WL 2403500, at *5 (S.D. Tex. June 25, 2012) (concluding the *Stowers* claim was not ripe where no final judgment had been entered). "[A] judgment is final for the purposes of bringing a *Stowers* action if it disposes of all issues and parties in the case, the trial court's power to alter the judgment has ended, and execution on the judgment, if appealed, has not been superseded." *Street*, 756 S.W.2d at 301.

Based on the foregoing, Ryan Law's statutory claims under Chapter 541 fail as a matter of law. NYM's *Stowers* duty never ripened because the Underlying Lawsuit settled before the case was tried and a final judgment entered. *See Kipp Flores Architects*, 2014 WL 12479995, at *2 (dismissing claims under § 541.010(a)(2)(A) and § 541.152(b) because "there was no *Stowers* claim associated with the estate as a matter of law," where the bankruptcy case was commenced before a judgment was entered in the underlying case).

**B. Bona Fide Coverage Dispute**

The Court also finds that Ryan Law's Chapter 541 claims fail "because the summary judgment evidence presents only a bona fide coverage dispute, not a bad faith denial of the requests for a defense." *First Cmty. Bancshares v. St. Paul Mercury Ins. Co.*, 593 F. App'x 286, 291 (5th Cir. 2014). "As long as the insurer has a reasonable basis to deny or delay payment of a claim, even if

14

that basis is eventually determined by the fact finder to be erroneous, the insurer is not liable for the tort of bad faith." *Higginbotham v. State Farm Mut. Auto. Ins. Co.*, 103 F.3d 456, 459-60 (5th Cir. 1997). Here, Ryan Law has failed to point to any summary judgment evidence that shows there was anything other than a bona fide coverage dispute between the parties.

Moreover, Ryan Law has not pled any damages independent from the benefits it alleges it is entitled to under the Policy, and thus is not entitled to recover on any damages under Chapter 541. In *USAA Tex. Lloyds Co. v. Menchaca*, 545 S.W.3d 479, 490 (Tex. 2018), the Texas Supreme Court clarified the "relationship between contract claims under an insurance policy and tort claims under the Insurance Code." "The general rule is that an insured cannot recover policy benefits for an insurer's statutory violation if the insured does not have a right to those benefits under the policy." *Id.* This rule derives from the fact that the Insurance Code only allows an insured to recover actual damages "caused by" the insurer's statutory violation. *See id.* Under Texas law, "[w]hen an insured seeks to recover damages that 'are predicated on,' 'flow from,' or 'stem from' policy benefits, the general rule applies and precludes recovery unless the policy entitles the insured to those benefits." *Id.* at 500. Additionally, under the traditional independent injury rule, an "insured cannot recover any damages based on an insurer's statutory violation if the insured had no right to receive benefits under the policy and sustained no injury independent of a right to benefits." *Id.* at 485.

Based on the foregoing, NYM's Motion for Summary Judgment with regard to Ryan Law's statutory bad faith claims under Chapter 541 should be granted. Ryan Law's breach of contract claims remain pending before the District Court.

## IV.    Order and Recommendation

The undersigned **RECOMMENDS** that the District Court **GRANT** Defendant's Second Motion for Summary Judgment Regarding Ryan Law's Statutory Bad Faith Claims (Dkt. 41) and

**DISMISS** Plaintiff Ryan Law Firm, LLP's statutory bad faith claims under Chapter 541 of the Texas Insurance Code.

The Court **FURTHER DISMISSES as MOOT** Defendant New York Marine and General Insurance Company's Opposed Motion to Strike Certain Summary Judgment Evidence (Dkt. 47) and Plaintiff Ryan Law, LLP's Motion for Leave to Supplement the Summary Judgment Record (Dkt. 52).

## V.     Warnings

The parties may file objections to this Report and Recommendation. A party filing objections must specifically identify those findings or recommendations to which objections are being made. The District Court need not consider frivolous, conclusive, or general objections. *See Battle v. United States Parole Comm'n*, 834 F.2d 419, 421 (5th Cir. 1987). A party's failure to file written objections to the proposed findings and recommendations contained in this Report within fourteen (14) days after the party is served with a copy of the Report shall bar that party from de novo review by the District Court of the proposed findings and recommendations in the Report and, except on grounds of plain error, shall bar the party from appellate review of unobjected-to proposed factual findings and legal conclusions accepted by the District Court. *See* 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140, 150-53 (1985); *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (en banc).

**SIGNED** on September 30, 2020.

SUSAN HIGHTOWER
UNITED STATES MAGISTRATE JUDGE

16