IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| RYAN LAW FIRM, LLP § | | |
| § | | |
| Plaintiff § | | |
| § | | |
| v. § | Civil Action No: 1:19-CV-629-RP | |
| § | | |
| NEW YORK MARINE AND § | | |
| GENERAL INSURANCE COMPANY, § | | |
| § | | |
| Defendant § | | |

**DEFENDANT NEW YORK MARINE AND GENERAL INSURANCE COMPANY'S RESPONSE TO PLAINTIFF'S OBJECTION TO REPORT AND RECOMMENDATION OF MAGISTRATE JUDGE HIGHTOWER**

Defendant New York Marine and General Insurance Company files this Response to Ryan Law Firm, LLP's Objection (Dkt. 76) to The Report and Recommendation of Magistrate Judge Hightower (Dkt. 69) ("Report"), which recommends granting Defendant's Second Motion for Summary Judgment on Ryan Law's Statutory Chapter 541 claims, and shows as follows:

### I.   INTRODUCTION

Plaintiff breached the insurance policy issued by Defendant when Plaintiff entered into a settlement agreement with a third party without NYM's consent. *See* Report and Recommendation (Dkt. 42), *adopted by* Order (Dkt. 60), at 8. Ryan Law now seeks to recover the exorbitant payment it made to this third party to save its "reputation." *See* Defendant's Motion to Compel (filed under seal; attached to Dkt. 61) at 9-10.

New York Marine provided a defense to Ryan Law in the underlying suit brought by The Finish Line for legal malpractice and issued a reservation of rights letter when The Finish Line added a claim for fraud. Ryan Law then settled without New York Marine's consent. Under those undisputed facts, certain causes of action are unavailable to Ryan

Law. Ryan Law cannot recover against New York Marine for *Stowers* or its statutory equivalent, because it did not suffer an adverse judgment above policy limits. The remaining statutory claims are also not available, because Ryan Law cannot point to misrepresentations (or any other violation) that caused Ryan Law to breach the policy and pay too much in settlement.

Ryan Law's only potential claim against New York Marine under these facts is for breach of contract (which Defendant contests). Ryan Law should be foreclosed from recovering for breach of contract based on Ryan Law's own breach of the policy and the resulting prejudice to New York Marine. Additionally, any potential coverage for the settlement may be barred in whole or part due to Ryan Law's fraud and malfeasance.

These Insurance Code claims are properly dismissed as recommended by Magistrate Judge Hightower, and her Report should be affirmed and adopted by this Court.

## II.   ARGUMENT

Ryan Law seeks to distract this Court—and ultimately a jury—from its own breach of the insurance policy by arguing these spurious statutory claims. Ultimately, the questions for trial should be resolved based on contract claims alone.

### A.   *The Report Properly Applies Texas Supreme Court Precedent.*

The Report properly concluded that Ryan Law's claim for an alleged bad faith failure to settle under Chapter 541 of the Insurance Code requires an excess judgment in the underlying suit. This is directly in line with Texas Supreme Court precedent.

In *Rocor*, the Texas Supreme Court clarified that in enacting the statutory duty to reasonably attempt settlement, "[t]here is nothing to indicate that the Legislature had in mind any standard other than the familiar *Stowers* standard." *Rocor Int'l, Inc. v. Nat'l*

*Union Fire Ins. Co.*, 77 S.W.3d 253, 261 (Tex. 2002) (discussing G.*A. Stowers Furniture Co. v. American Indem. Co.*, 15 S.W.2d 544, 547 (Tex. Comm'n App. 1929, holding approved)). The court supported this decision with the sound policy of "promot[ing] uniformity and prevent[ing] insurers from facing conflicting liability standards for failing to settle lawsuits filed by injured third-party claimants." *Id.* As noted in the Report, an excess judgment is a requirement of *Stowers*. *See* Report at 12-14 and authorities discussed therein.

The reason *Rocor* did not expressly address this requirement is that the claimant was not seeking policy benefits (by way of the settlement payment) but separate damages in the form of increased defense costs. The insurer paid the settlement. The insured had the obligation to pay its own defense costs, and due to the alleged unreasonable delay by the insurer to settle, the insured claimed to have increased defense costs. *See id.* at 263-64. Thus, the question of whether there was an excess judgment was not before that court.

Here, in contrast, Ryan Law seeks the amount of the settlement itself. Because of that, this case fits within the category of cases requiring an excess judgment as recognized in the Report:

> As the Fifth Circuit has stated, "a *Stowers* claim involves, or at least typically involves, an excess judgment after an actual trial," because "absent a judgment following trial, it would be difficult to know whether the failure to accept a settlement offer within policy limits constituted negligence or whether, or to what extent, the insured was in fact damaged thereby."

Report at 13 (quoting *Liberty Mut. Ins. Co. v. Mid-Continent Ins. Co.*, 405 F.3d 296, 305 (5th Cir. 2005), *amended*, 407 F.3d 683 (5th Cir. 2005), *certified question accepted on other grounds* (May 13, 2005), and *certified question answered*, 236 S.W.3d 765 (Tex. 2007)). Here, in fact, the settlement amount was *within* New York Marine's policy

limits. Under *Rocor* and *Stowers* law, for Ryan Law to recover a third-party *indemnity* claim under Chapter 541, there must at minimum be an excess judgment.[1]

This requirement is further bolstered by the fact that the insurer in *Stowers* had the right and duty to control the defense and settlement negotiations, just as New York Marine has here. *See Rocor*, 77 S.W.3d at 263 (discussing *Stowers*, 15 S.W.2d at 547); Dkt. 18-2 at pp.6-7/24.[2] In contrast, the *Rocor* insured had the right to control its own defense, which was the subject of its damages claim. *See Rocor*, 77 S.W.3d at 263-64. Whether there was an excess judgment in *Rocor* is less significant than here, where New York Marine had the contractual right to conduct the settlement discussions and Ryan Law seeks recovery of amounts it paid *because Ryan Law itself breached the policy*. *See* Report and Recommendation (Dkt. 42), *adopted by* Order (Dkt. 60), at 8 (finding Ryan Law in breach).

Ryan Law claims "support" for its position in *Medallion Transport & Logistics, LLC v. AIG Claims, Inc.*, No. 2:16-cv-01016, 2018 WL 3249708, at *5 (E.D. Tex. June 27, 2018), *report and recommendation adopted*, 2018 WL 3239703 (E.D. Tex. July 3, 2018). *Medallion* held that the insured could not pursue a *Stowers* claim without a final judgment that had not been superseded on appeal, *i.e.*, a judgment that was subject to execution. *Id.* at *4. But the opinion does not actually support Ryan Law's position. In respect to the *Rocor* corollary under section 541.060(a), the opinion does not address the

---

[1] As the Report notes, Judge Nowlin dismissed both *Stowers* common-law and statutory claims in *Mid-Continent Cas. Co. v. Kipp Flores Architects, LLC*, No. 1:13-CV-60-JRN, 2014 WL 12479995, at *2 (W.D. Tex. Apr. 3, 2014), based on the lack of an excess judgment. *See* Report at 14.

[2] "The Company shall have the right and duty to defend any suit against the Insured…. The Company shall also have the right to investigate any Claim and/or negotiate the settlement thereof, as it deems expedient…."

**DEFENDANT'S RESPONSE TO PLAINTIFF'S OBJECTION - PAGE 4**

requirement for an executable, final judgment one way or the other. *See id*. at *4–5.[3] This issue was not addressed in that opinion, and the holding is therefore not on point.

Ryan Law breached the policy and now wants to recover amounts it wrongfully paid because of that breach. Ryan Law seeks to turn Texas insurance law on its head by *taking away* New York Marine's right to negotiate settlement. The *Stowers* standard—whether common-law or statutory under *Rocor*—requires an excess judgment for purposes of indemnity benefits. That requirement should not be set aside by an insured's breach of the policy and active interference with an insurer's ongoing right to negotiate settlement. The law aligns with the policy goal of freedom of contract and allowing insurers to retain that contractual right of control. Ryan Law breached the policy, took away New York Marine's rights, and now urges an exception to well established law.

The Report correctly held that *Stowers* statutory and common-law claims require an excess judgment, especially when the claimed damages relate to indemnity. Without one here, such claims should be dismissed as a matter of law.

### B. The Report Correctly Dismissed Ryan Law's Remaining Chapter 541 Claims.

Ryan Law objects based on other Chapter 541 claims that New York Marine allegedly:

> (a) made material misrepresentations and misrepresented the Policy in its communications to Ryan Law,
>
> (b) failed to offer a reasonable explanation as to why it offered a compromised and inadequate settlement of the Finish Line lawsuit, and

---

[3] Interestingly, *Medallion* also dismissed the insured's claim for breach of contract because the policy gave the insurer "the right to settle any claim as it considers appropriate," and the insured "offer[ed] no good reason why the Court should change the plain and ordinary meaning of" the Policy. *See Medallion*, 2018 WL 3249708, at *6. This was the same argument made in New York Marine's first motion for summary judgment.

> (c) wrongfully refused to pay even the portion of Finish Line's settlement it agreed was reasonable without extorting a full release from Ryan Law.

*See* Objections at 7.

In essence, Ryan Law's claims are based on its own breach of the policy, and New York Marine's refusal to settle for the unreasonable sum urged by and ultimately paid by Ryan Law without New York Marine's consent. At its heart, the failure-to-settle claim would have to be one under *Stowers*, if there had been an excess judgment. *See Mid-Continent Ins. Co. v. Liberty Mut. Ins.*, 236 S.W.3d 765, 776 (Tex. 2007) ("*Stowers* is the only common law tort duty in the context of third party insurers responding to settlement demands.").

The remaining statutory claims—even if legally proper under *Rocor*—are not available to Ryan Law under the facts of this case, as Ryan Law's evidence fails to show violations of statute *or* damages caused by any such supposed violations.

As for alleged violations of statute, such claims are based on New York Marine's reservation of rights letter and refusal to agree that the value of the case was the exorbitant sum that Ryan Law wanted to (and ultimately did) pay. But such actions cannot form the basis of a claim under Chapter 541, as they merely reflect that New York Marine was reserving rights (not denying or misrepresenting them) and valuing the claim differently (*i.e.*, a bona fide dispute). Ryan Law submitted no evidence that New York Marine's actions were false, unfair, or deceptive. As the Report found, "Here, Ryan Law has failed to point to any summary judgment evidence that shows there was anything other than a bona fide coverage dispute between the parties." Report at 15.

As for the excess judgment requirement, Ryan Law fails to put this requirement in the proper context of causation. *Rocor* addressed misrepresentation claims that allegedly caused the insured to incur additional defense costs, *i.e.*, "independent damages" similar

to those discussed in *Menchaca*. *See Rocor*, 77 S.W.3d at 255, 264 (finding no evidence that alleged misrepresentations caused the claimed damages of additional defense costs).[4] The defense costs themselves did not depend on an excess judgment; they depended on *delaying settlement*. *See id.* at 263-64.

In contrast, a damages claim for *indemnity* depends on an excess judgment. *See* Report at 13 (discussing *Liberty Mut. Ins. Co. v. Mid-Continent Ins. Co.*, 405 F.3d at 305). An insured has the burden to prove damages caused by an alleged bad act, that is, that the insured "would have suffered a lesser amount of damages had [the insurer] behaved differently." *See id.* (citing and quoting *Texas Farmers Ins. Co. v. Soriano*, 881 S.W.2d 312, 316 n.4 (Tex. 1994)). Under Texas law, the excess judgment requirement is key to showing damages caused by the alleged infraction for good reason:

> [A]bsent a judgment following trial, it would be difficult to know whether the failure to accept a settlement offer within policy limits constituted negligence **or whether, or to what extent, the insured was in fact damaged thereby**.

Report at 13 (quoting *Liberty Mut. Ins. Co. v. Mid-Continent Ins. Co.*, 405 F.3d at 305) (bolding added).

Here, there was no excess judgment; ergo as a matter of law, there is no causation of damages in respect to indemnity benefits. If anything, it is *Ryan Law's breach* of the policy that caused the damages Ryan Law seeks. Ryan Law further failed to present *any* evidence that damages were caused by any statutory violations. *See Menchaca,* 545 S.W.3d at 488 (insurance code claims require that insureds show "actual damages … caused by" alleged unfair practices). Nor did Ryan Law plead independent damages.

---

[4] *See also USAA Tex. Lloyds Co. v. Menchaca,* 545 S.W.3d 479, 499-500 (Tex. 2018) ("If such damages result from an independent injury 'caused by' the insurer's statutory violation, the insured can recover those damages…."). There was no dispute in *Rocor* about the indemnity payment being covered; thus, the question of whether defense costs were truly "independent damages" from policy benefits as contemplated by *Menchaca* was not before that Court.

**DEFENDANT'S RESPONSE TO PLAINTIFF'S OBJECTION - PAGE 7**

Ryan Law's claim is fundamentally one for coverage, not one for misrepresentation or "failure to explain." "But the Code does not create insurance coverage or a right to payment of benefits that does not otherwise exist under the policy." *Id.* (citing *Lyons v. Millers Cas. Ins. Co. of Tex.*, 866 S.W.2d 597, 600 (Tex. 1993) (discussing the necessity of distinguishing bad-faith issues from "the contract issue of coverage")). Without evidence of actual misrepresentations or evidence of how those alleged misrepresentations caused their damages, Ryan Law can only pursue coverage under its breach of contract claim, not claims under the Insurance Code. *See also Barrow-Shaver Res. Co. v. Carrizo Oil & Gas, Inc.*, 590 S.W.3d 471, 496 (Tex. 2019) (explaining that a claim for common law fraud requires justifiable reliance); *Valls v. Johanson & Fairless, L.L.P.*, 314 S.W.3d 624, 635 (Tex. App.—Houston [14th Dist.] 2010, no pet.) (explaining how adversarial relationship precludes justifiable reliance as a matter of law). The Report correctly concludes that there is no evidence of anything other than a bona fide dispute between the parties concerning policy benefits—not "independent damages"—and such claims should be limited to breach of contract, assuming such claim is viable despite Ryan Law's own breach.

### C.     *Additionally, Statutory Stowers Requires "Bad Faith" which Does Not Exist Here*

Section 541.060(2) has a "good faith" element. *See* TEX. INS. CODE § 541.060(2) (prohibiting an insurer from "failing to attempt **in good faith** to effectuate a prompt, fair, and equitable settlement of … a claim with respect to which the insurer's liability has become reasonably clear"); *Medallion Transport & Logistics, LLC v. AIG Claims, Inc.*, 2018 WL 3249708, at *4. This element requires the insured plaintiff to "show some evidence that the insurer had no reasonable basis for denying or delaying payment or

settlement of a claim." *Id.* (citing *Universal Life Ins. Co. v. Giles*, 950 S.W.2d 48, 50–51 (Tex. 1997)).

Here, Ryan Law fails to even attempt to meet this burden either in its summary judgment response or objection to this Court. Even if Ryan Law could pursue a claim under section 541.060, it has submitted no evidence of bad faith.

The Report correctly held that in this third-party context, the "summary judgment evidence presents only a bona fide coverage dispute, not a bad faith denial of the requests for a defense." Report at 14 (quoting *First Cmty. Bancshares v. St. Paul Mercury Ins. Co.*, 593 F. App'x 286, 291 (5th Cir. 2014)). "As long as the insurer has a reasonable basis to deny or delay payment of a claim, even if that basis is eventually determined by the fact finder to be erroneous, the insurer is not liable for the tort of bad faith." *Higginbotham v. State Farm Mut. Auto. Ins. Co.*, 103 F.3d 456, 459–60 (5th Cir. 1997). Because Ryan Law has failed to present any evidence of bad faith, the Report correctly held that this is a bona fide coverage dispute between the parties and not one for bad faith under the Insurance Code.

### III. CONCLUSION

Ryan Law breached the policy by paying an outrageous settlement amount without the consent of Defendant and continues to seek relief under "bad faith" law for damages caused by its own bad acts. These claims should be limited to applicable contract law.

Defendant respectfully requests that this Court overrule Plaintiff's Objection to the Report and Recommendation of United States Magistrate Judge Hightower, adopt her ruling in full, grant New York Marine's second motion for summary judgment, and for any other and further relief to which they may be justly entitled.

Respectfully submitted,

*/s/ Blair Dancy*
Blair Dancy
State Bar No. 24001235
bdancy@cstrial.com
Zachary H. Bowman
State Bar No. 24073944
zbowman@cstrial.com
**CAIN & SKARNULIS PLLC**
400 W. 15th Street, Suite 900
Austin, Texas 78701
512-477-5000
512-477-5011—Facsimile

**ATTORNEYS FOR DEFENDANT NEW YORK MARINE AND GENERAL INSURANCE COMPANY**