## UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF TEXAS
## AUSTIN DIVISION

| | | |
|---|---|---|
| **RYAN LAW FIRM, L.L.P,** | § | |
| *Plaintiff* | § | |
| | § | |
| **v.** | § | |
| | § | **CIVIL NO. A-19-CV-629-RP** |
| **NEW YORK MARINE AND** | § | |
| **GENERAL INSURANCE COMPANY,** | § | |
| *Defendant* | § | |

### O R D E R

Before the Court are Defendant's Sealed Motion to Compel Production of Documents, filed September 14, 2020 (Dkt. 64); Plaintiff's Response, filed September 30, 2020 (Dkt. 70); and Defendant's Reply, filed October 13, 2020 (Dkt. 74). The District Court referred Defendant's Motion to Compel and that associated reply and response briefs to the undersigned Magistrate Judge for resolution, pursuant to 28 U.S.C. § 636(b)(1)(A), Federal Rule of Civil Procedure 72, and Rule 1(c) of Appendix C of the Local Court Rules of the United States District Court for the Western District of Texas.

### I.      Background

This is an insurance coverage dispute between Plaintiff Ryan Law Firm, LLP ("Ryan Law"), a Texas limited liability partnership, and its malpractice insurance carrier, New York Marine and General Insurance Company ("NYM"), a New York corporation. NYM issued Lawyers Professional Liability Policy No. PL201500001078 to Ryan Law for the policy period July 8, 2015 to July 8, 2016 (the "Policy"), with a liability limit of $5 million. Ryan Law alleges that NYM wrongfully failed to settle a malpractice lawsuit and seeks to recover the amount paid to the plaintiff in that lawsuit.

In its Original Petition, Ryan Law alleges breach of contract and violations of Chapter 541 of the Texas Insurance Code, and seeks monetary damages and attorneys' fees. Dkt. 1-1 at 20-23. On November 3, 2020, the District Court adopted the undersigned's Report and Recommendation and dismissed Ryan Law's statutory bad faith claims under the Texas Insurance Code. Dkt. 80. A jury trial is scheduled to commence on April 5, 2021. Dkt. 68.

NYM now moves to compel Ryan Law to produce documents withheld in response to NYM's Third Request for Production and Disclosures. Ryan Law objected to several discovery requests on the basis of attorney-client privilege and the work product doctrine. Specifically, Ryan Law contends that the following discovery requests seek privileged information and documents:

> **REQUEST FOR PRODUCTION NO. 25:** Produce all Documents relating to any analyses and/or reviews of the damages claimed by Finish Line in the Lawsuit.
>
> **REQUEST FOR PRODUCTION NO. 26:** Produce any insurance coverage analyses and/or reviews done prior to the Settlement relating to the Lawsuit.
>
> **REQUEST FOR PRODUCTION NO. 35:** Produce all Documents relating to Ryan Law's analysis or assessment of financial exposure to or in relation to the Lawsuit.
>
> **REQUEST FOR PRODUCTION NO. 36:** Produce all Documents relating to Ryan Law's analysis or assessment of financial exposure to or in relation to the Patel Lawsuit.

Exh. N to Dkt. 64.

NYM argues that Ryan Law has waived any claim of privilege by filing this lawsuit, and is attempting to use the attorney-client privilege and work product doctrine as a "sword" rather than a "shield."

## II.     Analysis

Texas law governs the attorney-client privilege analysis in this diversity action. FED. R. EVID. 501 ("[I]n a civil case, state law governs privilege regarding a claim or defense for which state law

supplies the rule of decision."). In Texas, the attorney-client privilege extends to (1) confidential communications (2) made for the purpose of facilitating the rendition of professional legal services (3) between or among the client, lawyer, and their representatives (4) where the privilege has not been waived. TEX. R. EVID. 503(b).

The Texas Supreme Court has recognized repeatedly that an offensive use of the attorney-client privilege or work product doctrine as a "sword" and not a "shield" may waive the privilege. *In re Nat'l Lloyds Ins. Co.*, 532 S.W.3d 794, 807 (Tex. 2017) (acknowledging that a party may waive work product privilege through offensive use); *Paxton v. City of Dallas*, 509 S.W.3d 247, 264 (Tex. 2017) ("[T]he attorney-client privilege may be waived by 'offensive use' of the privilege."); *Republic Ins. Co. v. Davis*, 856 S.W.2d 158, 163 (Tex. 1993) ("In an instance in which the privilege is being used as a sword rather than a shield, the privilege may be waived.").[1] "Offensive use occurs when a party seeking affirmative relief attempts to protect outcome-determinative information from any discovery." *Paxton*, 509 S.W.3d at 264. Although the Texas Supreme Court has recognized "the vitality of the offensive-use doctrine," it also has explained that "an offensive use waiver of a privilege should not lightly be found because privileges represent society's desire to protect certain relationships." *Id.*

To show a waiver of privilege under the offensive use doctrine, the party seeking discovery must establish the following three elements: (1) the party asserting the privilege must seek affirmative relief; (2) the privileged information must be such that, if believed by the fact finder,

---

[1] *See also In re Itron, Inc.*, 883 F.3d 553, 558 (5th Cir. 2018) (noting that "a client waives the privilege by affirmatively relying on attorney-client communications to support an element of a legal claim or defense—thereby putting those communications 'at issue' in the case."); *Willy v. Admin. Review Bd.*, 423 F.3d 483, 497 (5th Cir. 2005) ("[W]hen a party entitled to claim the attorney-client privilege uses confidential information against his adversary (the sword), he implicitly waives its use protectively (the shield) under that privilege."); *Conkling v. Turner*, 883 F.2d 431, 434 (5th Cir. 1989) (attorney-client privilege "was intended as a shield, not a sword" and is waived when litigant places information protected by it in issue through affirmative act for its own benefit).

probably would be outcome determinative; and (3) disclosure of the confidential information must be the only means by which the aggrieved party may obtain the evidence. *Nat'l Union Fire Ins. Co. of Pittsburgh, Penn. v. Valdez*, 863 S.W.2d 458, 461 (Tex. 1993); *Davis*, 856 S.W.2d at 163.

Even if NYM had demonstrated that Ryan Law's suit constitutes affirmative relief, and that the allegedly privileged information likely would be outcome determinative, NYM has not demonstrated that it is unable to obtain the allegedly privileged information from another source. NYM acknowledges that it must prove that "the protected information must not otherwise be available to the defendant" in order to show waiver, Dkt. 64 at 2, but never addresses this factor in its Motion or its Reply. *See Davis*, 856 S.W.2d at 163 (holding that, to find an offensive use waiver of the attorney-client privilege, "disclosure of the confidential communication must be the only means by which the aggrieved party may obtain the evidence"). Accordingly, NYM has not sustained its burden to show that the offensive use waiver applies. *See Hartford Lloyd's Ins. Co. v. Flexible Foam Prod., Inc.*, No. 3:11-CV-0259-N, 2012 WL 13027058, at *1 (N.D. Tex. Feb. 9, 2012) (finding that even if defendant had met first two *Davis* factors, it "has not shown that it is unable to obtain the allegedly privileged information from another source").

### III.    Conclusion

Based on the foregoing, Defendant's Sealed Motion to Compel Production of Documents (Dkt. 64) is **DENIED**.

**IT IS FURTHER ORDERED** that the Clerk **REMOVE** this case from the Magistrate Court's docket and **RETURN** it to the docket of the Honorable Robert Pitman.

**SIGNED** on November 6, 2020.

_____
SUSAN HIGHTOWER
UNITED STATES MAGISTRATE JUDGE