**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION**

| | | |
|---|---|---|
| RYAN LAW FIRM, LLP, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO.  1:19-cv-629-RP |
| | § | |
| NEW YORK MARINE AND GENERAL | § | |
| INSURANCE COMPANY, | § | |
| | § | |
| Defendant. | § | |

**PLAINTIFF RYAN LAW FIRM, LLP'S REPLY IN SUPPORT OF ITS
MOTION TO RECONSIDER THE COURT'S
<u>DISMISSAL OF ITS STATUTORY CLAIMS</u>**

Ernest Martin, Jr.
State Bar No. 13063300
*ernest.martin@haynesboone.com*
Natalie DuBose
State Bar No. 24077481
*Natalie.dubose@haynesboone.com*
HAYNES AND BOONE, L.L.P.
2323 Victory Ave., Suite 700
Dallas, Texas 75219
Telephone:    (214) 651-5000
Telecopier:    (214) 541-5940

ATTORNEYS FOR PLAINTIFF
RYAN LAW FIRM, LLP

# TABLE OF CONTENTS

TABLE OF CONTENTS ..................................................................................................... i

TABLE OF AUTHORITIES ................................................................................................ ii

I.  SUMMARY ................................................................................................................ 1

II. ARGUMENT AND AUTHORITY ............................................................................ 2

A.  Ryan Law's Statutory Bad-Faith-Failure-To-Settle Claim Was Improperly Dismissed.... 2

    1.  NYM Does Not Defend the R&R's Key Finding That A Final Judgment Is Necessary To Support A Chapter 541 Claim........................................................ 2

    2.  A Chapter 541 Claim Does Not Depend on an Excess Settlement, Judgment, Or Any Amount Other Than Policy Benefits. ........................................................ 5

B.  Ryan Law's Other, Independent Statutory Claims Were Improperly Dismissed. ............ 8

    1.  NYM Never Moved On These Independent Claims.............................................. 8

    2.  Whether NYM Engaged in Unfair Claims Handling Is A Fact Question .............. 9

III. CONCLUSION .......................................................................................................... 10

# TABLE OF AUTHORITIES

Page(s)

**Cases**

*Am. Centennial Ins. Co. v. Canal Ins. Co.*,
   843 S.W.2d 480 (Tex. 1992) ................................................................................................. 3

*Baker v. Metro. Life Ins. Co.*,
   364 F (5th Cir. 2004) ............................................................................................................ 8

*In re Farmers Tex. County Mut. Ins. Co.*,
   621 S.W.3d 261 (Tex. 2021) ..........................................................................................*passim*

*First Christian Acad., Inc. v. New Hampshire Ins. Co.*,
   2014 WL 2949439 (S.D. Tex. July 1, 2014) ......................................................................... 9

*First Cmty. Bancshares v. St. Paul Mercury Ins. Co.*,
   593 Fed. Appx. 286 (5th Cir. 2014) ..................................................................................... 9

*Guinn Bros., LLC v. Jones Bros., Inc. of Tennessee*,
   287 Fed. App'x 298 (5th Cir. 2008) ...................................................................................... 8

*Higginbotham v. State Farm Mut. Ins. Co.*,
   103 F.3dd 456 (5th Cir. 1997) .............................................................................................. 9

*Loya Ins. Co. v. Avalos*,
   610 S.W.3d 878 (Tex. 2020), *reh'g denied* (Oct. 2, 2020) .................................................... 4

*Lyda Swinerton Builders, Inc. v. Oklahoma Sur. Co.*,
   903 F.3d 435 (5th Cir. 2018) ............................................................................................ 5, 7

*Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*,
   475 U.S. 574 (1986) .............................................................................................................. 8

*Medallion Transp. & Logistics, LLC v. AIG Claims, Inc.*,
   2018 WL 3249708 (E.D. Tex. June 27, 2018) ...................................................................... 5

*Nick's Garage, Inc. v. Progressive Cas. Ins. Co.*,
   875 F.3d 107 (2nd Cir. 2017) ............................................................................................... 8

*Pek v. Allstate Vehicle & Prop. Ins. Co.*,
   2019 WL 2754677 (E.D. Tex. April 22, 2019) ..................................................................... 9

*Rocor Int'l v. Nat'l Union Fire Ins. Co.*,
   77 S.W.3d 253 (Tex. 2002) ........................................................................................... 3, 4, 5

*Shore Chan Bragalone Depumpo LLP v. Greenwich Ins. Co.*,
  856 F. Supp. 2d 891 (N.D. Tex. 2012) .................................................................................. 9

*Universe Life Ins. Co. v. Giles*,
  950 S.W.2d 48 (Tex. 1997) .................................................................................................... 9

*USAA Tex. Lloyds Co. v. Menchaca*,
  545 S.W.3d 479 (Tex. 2018) ........................................................................................... 5, 6, 7

*Weatherly v. Pershing*, L.L.C.,
  945 F.3d 915, 920 (5th Cir. 2019) ......................................................................................... 3

**Statutes**

Tex. Ins. Code 541.060 ................................................................................................................ 3

Tex. Ins. Code § 541.060(a)(2)(A) ............................................................................................ 3, 5

Tex. Ins. Code § 541.060(a)(5) .................................................................................................... 3

Tex. Ins. Code § 541.060(a)(7) .................................................................................................... 6

**Other Authorities**

Fed. R. Civ. P. 56(a) .................................................................................................................... 8

https://www.hoaf.com/attorneys/katherine-knight ...................................................................... 3

https://www.hoaf.com/attorneys/davinder-jassal ......................................................................... 3

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| RYAN LAW FIRM, LLP, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Civil Action No. 1:19-cv-629-RP |
| | § | |
| NEW YORK MARINE AND GENERAL INSURANCE COMPANY, | § § | |
| | § | |
| Defendant. | § | |

**PLAINTIFF RYAN LAW FIRM, LLP'S REPLY IN SUPPORT OF ITS
MOTION TO RECONSIDER THE COURT'S
DISMISSAL OF ITS STATUTORY CLAIMS**

Plaintiff Ryan Law Firm, LLP ("Ryan Law") files this reply in support of its motion to reconsider (Dkt. 99) and would show the Court as follows:

**I.   SUMMARY**

NYM's response speaks volumes through its noticeable silence on key issues. First, NYM's response does not even defend the key holding in the Report and Recommendation ("R&R")—that a final judgment is necessary to pursue Chapter 541 claims for failure to settle. Nor could it, in light of the Texas Supreme Court's guidance to the contrary in *Farmers*. Rather, NYM makes a new and unsupported argument that only property insurers ("first party insurers") can be liable for failure to settle a claim under Chapter 541. This argument—which finds support only in an article published by insurance-company lawyers—is simply a red herring. Of course liability insurers can be liable for violations of the statute, and no court has held otherwise.

Second, NYM is nearly silent on another key issue—that Ryan Law's independent statutory-violation claims should not have been dismissed *sua sponte* because they were never challenged in NYM's motion. NYM's single-sentence response, relegated to a footnote, all but

acknowledges the lack of briefing on these claims and therefore any notice to Ryan Law. The R&R erred in recommending the dismissal of these claims without a proper motion, much less without NYM satisfying its own summary judgment burden to establish the absence of fact issues.

Finally, NYM has nothing to say about the two cases that the R&R relied on to call this case a "bona fide coverage dispute"—even though Ryan Law has explained why those cases are inapplicable. Nor can NYM escape the dispositive fact issues. This is not a case about whether NYM "guessed wrong" about coverage. NYM actively and knowingly undervalued the settlement and steered Ryan Law's defense towards a doomed trial, believing that it could disclaim coverage after the fact. And then, when the case was settled, NYM withdrew the amount it had previously offered to contribute and conditioned paying this amount only if it could secure a complete release from Ryan Law. Thus, Ryan Law shouldered the entire settlement, including the amount NYM's own adjuster believed was reasonable under the policy. Whether NYM engaged in bad faith conduct prohibited by Chapter 541 is unquestionably a fact issue, and reconsideration is additionally warranted to correct the R&R's impermissible resolution of fact questions. Ryan Law therefore respectfully requests that this Court reconsider its prior order on summary judgment, deny NYM's Motion for Summary Judgment, and permit Ryan Law to try its Chapter 541 claims to a jury for a determination.

## II.   ARGUMENT AND AUTHORITY

### A.   Ryan Law's Statutory Bad-Faith-Failure-To-Settle Claim Was Improperly Dismissed.

#### 1.   NYM Does Not Defend the R&R's Key Finding That A Final Judgment Is Necessary To Support A Chapter 541 Claim.

The R&R found that Ryan Law's statutory claims were subject to the same standards as *Stowers*, and that *Stowers* claims require a final judgment. Dkt. 69 at 11-14. But especially after *Farmers*, both of these conclusions are wrong. In *Farmers,* the Supreme Court confirmed what it

previously stated in *Rocor*: that *Stowers* actions can be maintained on the basis of a settlement, not just a judgment. *See Farmers*, 621 S.W.3d at 267 (*citing Am. Centennial Ins. Co. v. Canal Ins. Co.*, 843 S.W.2d 480, 481 (Tex. 1992)).[1] *Farmers* also reiterated that statutory claims under Chapter 541 are distinct from *Stowers* common-law tort claims. *See infra* Section (a)(2). Because this Court's conclusion rests on manifest errors of law, confirmed by *Farmers*, Ryan Law respectfully submits that reconsideration is required.

NYM claims that the Texas Supreme Court's statement in *Farmers* permitting *Stowers* claims on the basis of a settlement is dicta. See Resp. at 7. Not so. The issue was directly before the court, as the claim at issue was the insurer's potential *Stowers* liability for the insured's settlement. *Farmers*, 621 S.W.3d at 267. Moreover, even if it could possibly be considered dicta, it is highly instructive for this Court in its "*Erie* guess" as to how the Texas Supreme Court would resolve this issue. *See Weatherly v. Pershing*, L.L.C., 945 F.3d 915, 920 (5th Cir. 2019) (when an issue has not been ruled upon by the state's supreme court, the federal court should base its "*Erie* guess" on several factors, including "dicta by the state supreme court").

Notably absent from NYM's response is any support for the R&R's key conclusion that a final judgment is necessary to support a Chapter 541 claim. *See* Dkt. 100 (Response) at 2 ("Ryan Law's Insurance code claims were properly dismissed, *although in part for a different reason than originally reflected in Magistrate Judge Hightower's Report and Recommendations*." (emphasis added)). Rather, NYM makes a brand-new and wholly unsupported argument never made in its original motion that Chapter 541 claims can only be brought against property insurers, not liability

---

[1] *See also* Dkt. 43 (Ryan Law's S.J. Resp.) at 9-11 (explaining at length why a final judgment not required under *Rocor Int'l v. Nat'l Union Fire Ins. Co.*, 77 S.W.3d 253, 260 (Tex. 2002)).

**PLAINTIFF RYAN LAW FIRM, LLP'S MOTION TO RECONSIDER**
**THE COURT'S DISMISSAL OF ITS STATUTORY CLAIMS**　　　　　　　　　　　　　　　　　**PAGE 3**

insurers (like NYM).[2]  *See* Resp. at 2-3.  It cites no case law or even a treatise for this opinion, only an article written by lawyers who "represent insurance companies."[3]

There is no case law or textual support for this new argument.  Chapter 541, by its terms, broadly prohibits unfair claim settlement practices from those "in the business of insurance."  TEX. INS. CODE § 541.060.  The statute, by its own terms, is to be "liberally construed."  *Id.* § 541.008.  Additionally, while Chapter 541.060(a)(5) specifically refers to prohibitions in "first-party coverage," no such limitation exists with respect to subsection (a)(2).  *See id.*  Finally, *Farmers*, as well as other recent Texas Supreme Court precedent, dispels this novel argument by acknowledging that Chapter 541 applies to liability insurers who fail to settle an underlying complaint.  *See In re Farmers Tex. County Mut. Ins. Co.*, 621 S.W.3d 261, 274 n.15 (Tex. 2021) (citing *Rocor*) ("[T]he Legislature has created certain 'bad faith' claims by statute. One such claim is for an insurer's failure to attempt in good faith to settle when liability has become reasonably clear. Tex. Ins. Code § 541.060(a)(2)(A) . . ."); *see also Loya Ins. Co. v. Avalos*, 610 S.W.3d 878, 883 (Tex. 2020), *reh'g denied* (Oct. 2, 2020) (discussing the Chapter 541 remedies available to an insured when an insurer fails to provide a defense to a third-party liability claim).  There is no support for NYM's claim that the Texas Legislature "overruled" *Rocor* in recodifying the statute, as NYM claims.  The Legislature confirmed that the re-codification of Article 21.21 to Chapter 541 in 2003 was intended to be a "nonsubstantive change[]" to the statute.[4]  NYM's argument is simply a red herring.

---

[2] NYM refers to property insurers as "first-party insurers" and liability insurers as "third-party insurers." Resp. at 3.
[3] *See* https://www.hoaf.com/attorneys/katherine-knight; https://www.hoaf.com/attorneys/davinder-jassal.
[4] *See* Texas Bill Analysis, H.B. 2922, 4/28/2003 ("[T]he Texas Legislative Council (TLC) must revise Texas statutes periodically to make them more accessible, understandable, and usable without altering their sense, meaning, or effect. As part of this process, the TLC reclassifies and rearranges statutes in a more logical order; employs a numbering system and format that will accommodate future expansion of the law; eliminates repealed, invalid, and duplicative provisions; and improves the draftsmanship of the law. . . . HB 2922 would make nonsubstantive revisions to the Insurance Code by adding new titles and collecting and rearranging statutes involving: . . . protection of consumer interests (new Title 5)."

**PLAINTIFF RYAN LAW FIRM, LLP'S MOTION TO RECONSIDER**
**THE COURT'S DISMISSAL OF ITS STATUTORY CLAIMS**                                                                                         PAGE 4

NYM cannot escape the inevitable conclusion that must be drawn post-*Farmers*—that the R&R erred in concluding that a final judgment was required to support Ryan Law's statutory Chapter 541 claims. This was the basis for NYM's motion and the Court's ruling. *See* Dkt. 41 (Motion) at 7-11; Dkt. 69 at 11-14. Because that conclusion was wrong, the Court should reverse.

### 2. A Chapter 541 Claim Does Not Depend on an Excess Settlement, Judgment, Or Any Amount Other Than Unpaid Policy Benefits.

NYM offers yet another new argument never raised in its original motion for summary judgment: that a Chapter 541 claim requires "excess damages" above policy limits. Resp. at 4-5. Setting aside the procedural deficiency in raising this argument for the first time, NYM is again wrong on the merits. NYM cites *Farmers* for the uncontroversial proposition that common-law *Stowers* liability requires an excess judgment or settlement. *See* (Dkt. 100) at 5. *Farmers* holds that to recover for a *Stowers*-based tort claim, there must be damages above those owed by the policy itself (the extra-contractual tort damages). *Farmers*, 621 S.W.3d at 275 (noting that "a *Stowers* claim sounds in tort," and "tort principles are not necessary . . . to provide the insured a remedy for damages within policy limits). Those tort principles mean nothing here: Ryan Law's Chapter 541 claims are statutory and do not sound in tort. This distinction matters. *Farmers* expressly distinguished between the *Stowers* tort claim and the statutory claims the insured did not bring:

> We specifically declined in *Head* to recognize any *tort* cause of action for mishandling a claim (other than *Stowers*), . . . . Although *Head* declined to recognize a common-law cause of action for breach of a duty of good faith and fair dealing, the Legislature has created certain "bad faith" claims by statute. One such claim is for an insurer's failure to attempt in good faith to settle when liability has become reasonably clear. Tex. Ins. Code § 541.060(a)(2)(A); *see Rocor Int'l v. Nat'l Union Fire Ins. Co.*, 77 S.W.3d 253, 260–62 (Tex. 2002) (looking to Stowers principles in deciding when liability is reasonably clear). Longoria has not alleged a statutory claim here.

*Farmers*, 621 S.W.3d 261, 274 & n.15 (emphasis original).[5]

This distinction—between recovering tort damages (amounts above policy limits) under *Stowers* tort claims on the one hand and recovering unpaid policy benefits under Chapter 541 statutory claims on the other—is further clarified by examining *Menchaca*. In *Menchaca*, the Texas Supreme Court ruled that no additional damages are needed to support a Chapter 541 statutory claim beyond the loss of the policy benefits itself if the violation caused the loss of policy benefits. *See USAA Tex. Lloyds Co. v. Menchaca*, 545 S.W.3d 479, 494 (Tex. 2018) ("[I]f the jury finds that the policy entitles the insured to receive the benefits and that the insurer's statutory violation resulting in the insured not receiving those benefits, the insured can recover the benefits as 'actual damages . . . caused by' the statutory violation."). *Menchaca* thus confirms that Ryan Law is not required to demonstrate a settlement above policy limits, or indeed any other extra-contractual damages, to recover under Chapter 541—the existence of unpaid policy benefits is enough. *See id.; see also Lyda Swinerton Builders, Inc. v. Oklahoma Sur. Co.*, 903 F.3d 435, 453 (5th Cir. 2018) (permitting the insured to recover defense expenses <u>covered and within the policy's limit</u> as "actual damages" under Chapter 541 "without limitation of the independent-injury rule," citing *Menchaca*).

Here, Ryan Law submitted summary judgment evidence that NYM's failure to attempt in good faith to effectuate a prompt, fair and equitable settlement of the underlying Finish Line claim in which NYM's liability had become reasonably clear caused Ryan Law the loss of policy benefits—namely the settlement paid which was covered by the policy.[6] *See* Dkt. 43 (summary

---

[5] NYM's reliance on *Medallion Transp. & Logistics, LLC v. AIG Claims, Inc.*, 2018 WL 3249708, at *5 (E.D. Tex. June 27, 2018), *report and recommendation adopted*, 2018 WL 3239703 (E.D. Tex. July 3, 2018) is also of no avail. Although the settlement at issue was above the policy limits, the Court never identifies this as a requirement in analyzing the statutory violation under Chapter 541. *Id.* at *4-5.

[6] NYM has not plead any policy exclusion applies to the settlement.

judgment response and evidence cited therein) at 3-7, 12.  Ryan Law provided evidence that NYM actively controlled Ryan Law's defense, unreasonably rejected Finish Line's settlement demand, and drove the case towards a trial where Ryan Law had (a) no meaningful defenses, (b) no response to Finish Line's ethics expert, (c) no expectation of contribution from other defendants, and (d) predictions by defense counsel of a "nightmare scenario" at trial that prompted the settlement. Dkt. 43 at 3-7, 12.[7]  NYM's failure to act in good faith in settling the Finish Line lawsuit resulted in Ryan Law shouldering a significant settlement which should have been paid by NYM.

Moreover, as to Ryan Law's additional, independent statutory claims, Ryan Law provided evidence that NYM intentionally mislead Ryan Law into believing it would contribute amounts to the settlement (an amount that it had already determined was reasonable) but then tried to extort Ryan Law by conditioning its contribution on a complete release for itself.  Dkt. 43 at 12.[8]  The amount which NYM acknowledged was reasonable under the policy[9] (and which was never paid by NYM), also represent damages caused by NYM's violation of Chapter 541.060(a)(7). Ultimately, as discussed below, whether NYM engaged in prohibited conduct under Chapter 541—including by its wrongful failure to settle, its misrepresentations of the policy, and its acts of extortion—is a fact issue for the jury, not a question of law for the Court.  And there is no requirement for Ryan Law to demonstrate amounts beyond the policy benefits owed to recover for those statutory violations.  *See Menchaca*, 545 S.W.3d at 494; *Lyda Swinerton Builders*, 903 F.3d at 453 ("In this case, LSB was entitled to a defense from OSC <u>as a benefit of the OSC Policy</u>.

---

[7] *See* Ryan Law's evidence cited therein, including excerpts from the deposition of NYM's adjuster (Dkt. 44, B-1), correspondence from NYM and Ryan Law's defense counsel (Dkts. 44 & 45, A-4, A-5, B-3 to B-6) an affidavit from Ryan Law's managing partner (Dkt. 44, Ex. A), the report and affidavit from Ryan Law's claims handling expert, Michael Huddleston, (Dkt. 45, Ex. B-13, Dkt. 52); and report and affidavit from Ryan Law's malpractice expert, Dina Cox (Dkt. 45, Ex. B-12, Dkt. 52).
[8] *See* Ryan Law's evidence cited therein, including emails between NYM's counsel and Ryan Law's coverage counsel, Ex. B-10 to Dkt. 44 (Appendix).
[9] *See* Dkt. 43 at 6-7 and Ryan Law's evidence cited therein, including experts from the deposition of NYM's adjuster (Dkt. 45 at B-1).

**PLAINTIFF RYAN LAW FIRM, LLP'S MOTION TO RECONSIDER**
**THE COURT'S DISMISSAL OF ITS STATUTORY CLAIMS**                                                                              **PAGE 7**

Consequently, if LSB establishes that OSC's alleged misrepresentations caused it to be deprived of that benefit, LSB can recover the resulting defense costs it incurred as actual damages under Chapter 541—without limitation from the independent-injury rule. Furthermore, if LSB proves that OSC committed the statutory violation "knowingly," it may recover treble that amount.").

**B.     Ryan Law's Other, Independent Statutory Claims Were Improperly Dismissed.**

**1.     NYM Never Moved On These Independent Claims.**

NYM offers a single footnote in response to this clear procedural deficiency in the R&R. *See* Dkt. 100 (Resp.) at 2 n.2. This tepid protest aside, the fact remains that NYM never moved for summary judgment on the separate claims that NYM (a) wrongfully refused to pay even the portion of the settlement it agreed was reasonable without extorting a full release in violation of Section 541.060(a)(7), (b) failed to offer a reasonable explanation as to why NYM offered a compromised and inadequate settlement of the Finish Line lawsuit in violation of Section 540.060(a)(3), and (c) made material misrepresentations and misrepresented the policy to Ryan Law in violation of Sections 541.060(a)(1) and 541.061. *See* Dkt. 41. NYM cites to portions of its brief, but upon closer inspection, NYM only raised the heightened scienter of "knowing" conduct under Chapter 541 in its motion (which was factually disputed, *see* Section (B)(2) below); it did not challenge the claims themselves. *See* Dkt. 41 at 11-12. Particularly with respect to Ryan Law's claim of extortion over the amount NYM conceded it should contribute to the settlement, NYM never even mentioned this separate violation, much less met its summary judgement burden with respect to this claim (or any others). Because NYM never moved on these separate and independent violations of Chapter 541, the Court erred in dismissing them effectively *sua sponte*. *See Guinn Bros., LLC v. Jones Bros., Inc. of Tennessee*, 287 Fed. App'x 298 (5th Cir. 2008) (finding dismissal improper because the court gave no notice of the grounds on which it granted summary judgment and the moving party's brief made no mention of them); *Baker v. Metro. Life*

*Ins. Co.*, 364 F,3d 624, 632 (5th Cir. 2004) (finding improper dismissal of claims *sua sponte* on grounds not requested by moving party).

### 2.   Whether NYM Engaged In Unfair Claims Handling Is A Fact Question.

Finally, NYM confuses the burden of proof in this case by suggesting that Ryan Law had the burden to demonstrate its lack of "good faith." *See* Resp. at 12. Ryan Law, as the non-movant, had no burden to prove "bad faith" or any other element. It was NYM's burden, as the movant, to demonstrate that "there is no genuine dispute as to any material fact and that the moving party is entitled to judgment as a matter of law." FED. R. CIV. P. 56(a). Only if NYM satisfied that burden, which it did not,[10] would Ryan Law have the burden to "come forward with specific facts showing that there is a genuine issue for trial. *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986).

Yet, despite NYM's failure to meet this burden, Ryan Law put forth specific evidence that Finish Line acted in bad faith under Chapter 541 through the following non-exhaustive list:

- failing to act as a reasonable insurer in refusing to settle or fund the Finish Line settlement demand, knowingly "low balling" its settlement evaluation and driving the case towards a doomed trial that defense counsel described as a "nightmare scenario," believing that it could disclaim coverage after the fact. *See* Dkt. 43 (Ryan Law's brief in response to summary judgment, including evidence cited therein) at 4-7, 12; *see also* n.7 *supra*.

- wrongfully refusing to pay even the portion of the settlement it agreed was reasonable without extorting for its own benefit a full release from Ryan Law in violation of Section 541.060(a)(7). *See* Dkt. 43 (and evidence cited therein) at 6, 12; *see also* n.8 *supra*.

- failing to offer a reasonable explanation as to why it offered a compromised and inadequate settlement in violation of Section 540.060(a)(3). *See* Dkt. 43 (and evidence cited therein) at 4-7, 12.

---

[10] "The mere assertion by a defendant moving for summary judgment that the plaintiff 'has not produced any evidence' to support an essential element of the plaintiff's claim does not satisfy the burden that Rule 56(a) imposes. . . . A defendant's motion for summary judgment based on such a statement should be subject to a motion to dismiss by reason of its facial deficiency, or to denial." *Nick's Garage, Inc. v. Progressive Cas. Ins. Co.*, 875 F.3d 107, 115 (2nd Cir. 2017).

- making material misrepresentations and misrepresenting the policy to Ryan Law in violation of Sections 541.060(a)(1) and 541.061 by claiming that the policy does not cover "fraud" when in fact, the policy covers constructive fraud. *See* Dkt. 43 (and evidence cited therein) at 3; Dkt. 44 at B-3 (NYM's reservation of rights).

The R&R erred in recommending the dismissal of these claims as a matter of law because they inherently involve fact issues. *See Universe Life Ins. Co. v. Giles*, 950 S.W.2d 48, 56 (Tex. 1997) ("We therefore hold that whether an insurer acted in bad faith because it denied or delayed payment of a claim after its liability became reasonably clear is a question for the fact-finder.").[11] NYM does not even attempt to address Ryan Law's position that the cases cited by the R&R to dismiss these claims as a "bona fide coverage dispute" are not applicable. *See* Motion (Dkt. 99) at 8-9 (discussing *First Cmty. Bancshares v. St. Paul Mercury Ins. Co.*, 593 Fed. Appx. 286, 291 (5th Cir. 2014) and *Higginbotham v. State Farm Mut. Ins. Co.*, 103 F.3dd 456 (5th Cir. 1997)). NYM's silence speaks volumes. This Court should correct the R&R to make clear that these are fact issues for the jury.

### III.     Conclusion

The R&R improperly dismissed statutory claims that were independent of NYM's bad-faith-failure-to-settle claim and improperly required a final judgment in the underlying litigation as a prerequisite to the statutory bad-faith-failure-to-settle claim. Ryan Law respectfully requests that this Court reconsider its prior dismissal of Ryan Law's statutory claims (Dkt. 69, 80) in light of these manifest errors of law, and issue an order denying NYM's Motion for Summary Judgment (Dkt. 41).

---

[11] *See also Shore Chan Bragalone Depumpo LLP v. Greenwich Ins. Co.*, 856 F. Supp. 2d 891, 902 (N.D. Tex. 2012) (finding whether insurer committed unfair or deceptive acts was a question of fact for the jury, not one for summary judgment); *Pek v. Allstate Vehicle & Prop. Ins. Co.*, 2019 WL 2754677, at *5 (E.D. Tex. April 22, 2019) (same); *First Christian Acad., Inc. v. New Hampshire Ins. Co.*, 2014 WL 2949439, at *6 (S.D. Tex. July 1, 2014) (same).

Respectfully submitted,

*Ernest Martin, Jr.*
Ernest Martin, Jr.
State Bar No. 13063300
*ernest.martin@haynesboone.com*
Natalie DuBose
State Bar No. 24077481
*Natalie.dubose@haynesboone.com*
HAYNES AND BOONE, L.L.P.
2323 Victory Ave., Suite 700
Dallas, Texas 75219
Telephone: (214) 651-5000
Telecopier: (214) 541-5940

ATTORNEYS FOR PLAINTIFF
RYAN LAW FIRM, LLP

## CERTIFICATE OF SERVICE

This is to certify that on October 13, 2021, a true and correct copy of the above and foregoing document was electronically served upon the following counsel of record as authorized by the Federal Rules of Civil Procedure:

Blair Dancy
Cain & Skarnulis PLLC
400 W. 15th Street, Suite 900
Austin, Texas 78701
Direct: 512-474-5040
Fax: 512-477-5011
*Attorney for Defendant NYM Insurance Company*

*/s/ Natalie DuBose*
Natalie DuBose

4820-0260-0191 v.2