IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| RYAN LAW FIRM, LLP, | § | |
| Plaintiff, | § § § | |
| v. | § | Civil Action No. 1:19-cv-629-RP |
| NEW YORK MARINE AND GENERAL INSURANCE COMPANY, | § § § § | |
| Defendant. | § | |

### PLAINTIFF RYAN LAW FIRM, LLP'S RESPONSE IN OPPOSITION TO DEFENDANT'S MOTION FOR LEAVE TO FILE SUR-REPLY IN OPPOSITION TO PLAINTIFF'S MOTION FOR NEW TRIAL

Ryan Law files this response in opposition to Defendant New York Marine and General Insurance Company's ("NYM's") motion for leave to file a sur-reply to Ryan Law's motion for new trial (Dkt. 163) and would show the Court why NYM's proposed sur-reply is unwarranted.

### I.  SUMMARY

NYM merely wants the last word in this dispute. There are no "new issues, theories or arguments" raised in Ryan Law's reply which justify a sur-reply brief. NYM is just re-urging the arguments made in its response. And those arguments, now repackaged here, still fail to support the jury's verdict. Because there was no evidence upon which the jury could conclude that no part of the settlement was reasonable, the jury erred in answering "no" to Question 1. NYM cannot fix this error by arguing that it made a trivial, conditional settlement offer which it never actually paid. NYM's motion for leave should be denied and its arguments rejected. Because there is no factual evidence to support the jury's finding, the Court has a duty to order a new trial.

## II. ARGUMENT AND AUTHORITY

**A.  NYM has not justified the need for its proposed sur-reply.**

As NYM acknowledges, sur-replies are highly disfavored. Dkt. 163 at 2. A sur-reply is especially improper where, as here, the party seeks leave to argue a point that it had an opportunity to address in the "manner that the motion-response-reply framework contemplates." *See Sidbury v. Dun & Bradstreet Emerging Businesses Corp.*, No. 1:19-CV-865-RP, 2020 WL 10758104, at *1 (W.D. Tex. May 27, 2020) (Pitman, J.). NYM's sur-reply is nothing but a continuation of its arguments made in response and is therefore inappropriate. *See id.*; Dkt. 163-1 (Sur-Reply) at 2 (reciting the same arguments attempting to support the jury verdict).

Contrary to NYM's argument, there is no new theory or argument raised in Ryan Law's reply which justifies a sur-reply. As Ryan Law made clear in its initial motion, the jury's "no breach" answer to Question 1 cannot be supported by any evidence or by NYM's unconditional and unaccepted offer of $300,000, because the jury instructions did not contemplate giving NYM credit for an amount which (a) NYM made contingent on a release and (b) was never actually paid. *See* Dkt. 159 at 8. NYM argued in response that it was justified in making a contingent offer and seeking a release in exchange for its payment. *See* Dkt. 161 at 3. So, Ryan Law's reply merely pointed out the fundamental flaw in that argument: assuming NYM is correct that the settlement was worth $300,000, then—because the Court found that coverage of a reasonable settlement amount was triggered as a matter of law (a fact NYM ignores in its briefing)—NYM owed that amount under its policy. It cannot create new contingencies to pay its existing obligation under the policy. Dkt. 162 at 3-4. It had an obligation to actually fund that amount, not merely make a contingent settlement offer.

NYM also continues to urge the same arguments about prejudice and waiver in its sur-reply.  *See* Dkt. 163-1 at 4-5.  These arguments do not cover any new ground and fail for all the reasons articulated in Ryan Law's reply.  Dkt. 161 (NYM Response) at 4-8; Dkt. 162 (Ryan Law Reply) at 5-8.  Ryan Law's breach of the consent clause is irrelevant to the question of whether NYM breached by failing to pay the settlement.  The Court already found that NYM was responsible under the policy for any reasonable settlement amount.  *See* Trial Tr. vol. 5 at 3:3-12 (granting Rule 50(a) motion finding the settlement payment was covered under the policy).  NYM's obligation may have ultimately been *excused* under Question 2 if it was prejudiced by the settlement, but per the Court's instructions, the jury never considered the prejudice defense.  Dkt. 156.  Even through its sur-reply, NYM never confronts the fact that prejudice was, per the Court's instructions, a point relevant only to Question 2, not Question 1.  *See* Dkt. 163-1 (sur-reply); Dkt. 156 (verdict).  Again, Ryan Law does not take issue with Question 1, only the fact that the verdict was unsupportable by any evidence in the record.  For this reason, Ryan Law's motion was timely and proper.  *See* Dkt. 162 (Reply) at 8-9.  NYM's sur-reply does nothing to advance its arguments on either point.

### III. CONCLUSION

NYM's proposed sur-reply is simply a last-ditch effort to save its unsupported verdict.  There is no basis for the Court to consider NYM's rehashed arguments.  NYM's Motion for Leave should be denied, and a new trial should be ordered.

Respectfully submitted,

/s/ *Ernest Martin, Jr.*
Ernest Martin, Jr.
State Bar No. 13063300
*ernest.martin@haynesboone.com*
Natalie DuBose
State Bar No. 24077481
*natalie.dubose@haynesboone.com*
Andrew W. Guthrie
State Bar No. 24078606
*andrew.guthrie@haynesboone.com*
HAYNES AND BOONE, L.L.P.
2323 Victory Ave., Suite 700
Dallas, Texas 75219
Telephone:   (214) 651-5000
Telecopier:   (214) 541-5940

ATTORNEYS FOR PLAINTIFF
RYAN LAW FIRM, LLP.

# CERTIFICATE OF SERVICE

This is to certify that on May 9, 2023 a true and correct copy of the above and foregoing document was electronically served upon the following counsel of record as authorized by the Federal Rules of Civil Procedure:

Blair Dancy
Zach Bowman
Cain & Skarnulis PLLC
400 W. 15th Street, Suite 900
Austin, Texas 78701
Phone: 512-474-5000
Fax: 512-477-5011

*Attorney for Defendant NYM Insurance Company*

/s/ *Natalie DuBose*
Natalie DuBose

4895-9743-3698 v.2

**PLAINTIFF RYAN LAW FIRM, LLP'S RESPONSE IN OPPOSITION TO**
**DEFENDANT'S MOTION FOR LEAVE TO FILE SUR-REPLY IN**
**OPPOSITION TO PLAINTIFF'S MOTION FOR NEW TRIAL**        **PAGE 4**